FRED A. KIISEL, ET AL., Appellants, v. MUTUAL RESERVE LIFE INSURANCE COMPANY, Appellee.

**Insurance:** LIMITATION OF RIGHT OF ACTION. A contract of insurance may ignore the statute of limitations and limit the time within which an action on the contract may be brought; but the time within which action may be brought does not commence to run until a cause of action accrues.

**Same.** Where a contract of insurance provided that the company should have a specified time after receipt of proofs of loss to make payment, a cause of action thereon did not accrue until the expiration of that time.

**Same:** WAIVER OF LIMITATIONS. To authorize the commencement of an action on a contract of insurance, prior to the time a cause of action accrues under the terms of the policy, there must be a complete renunciation of the contract.

*Appeal from Jasper District Court.*— HON. B. W. PRESTON, Judge.

⸰ TUESDAY, JUNE 12, 1906.

ACTION at law to recover upon a policy of life insurance. At the close of the evidence for plaintiffs, there was a directed verdict in favor of defendant. Plaintiffs appeal.— *Reversed.*

*Clark Varnum* and *E. C. Ogg,* for appellants.

*Grimm, Trewin & Moffit, F. L. Kennedy,* and *C. B. Robbins,* for appellee.

BISHOP, J.— The policy in suit was issued to Henry L. Kiisel, and therein Mary O. Kiisel, his wife, and Fred A. Kiisel, his son, are named as beneficiaries. Henry L. Kiisel

died May 5, 1902, and Mary O. Kiisel died, intestate, August 12, 1903.  In default of payment of the amount of the policy, this action was begun by said Fred A. Kiisel and Eugene Bean, administrator of the estate of Mary O. Kiisel, on August 31, 1903.  A copy of the policy is attached to the petition, and therein is contained the requirement that upon death of the insured, proofs shall be furnished the association which " shall comprise evidence satisfactory to the executive committee of the causes and manner of death," etc.  Further, it is therein provided that payment of the amount of the policy shall be made within ninety days after acceptance of proofs.  This provision also appears:  " No action at law or suit in equity shall be maintained thereon, or recovery had, unless the same is commenced within one year from the date of the death of the insured, any statute of limitation to the contrary notwithstanding."  The defendant appeared and answered, admitting proofs of death furnished by Mary O. Kiisel, as of date June 9, 1902.  In a separate count, the limitation clause of the policy was pleaded, and the bar created thereby insisted upon.

The motion for verdict was put upon the single ground that " the cause of action is barred under the conditions of the policy."  We think it should have been overruled.
1. INSURANCE: No question is made in argument but that in limitation of right of action. the absence of a statute to the contrary — and we have no such statute — parties to a life insurance contract may ignore the general statute of limitations and provide by agreement for the time within which an action must be brought to recover upon such contract.  But we have repeatedly held that in such cases — as in cases arising under the general statute — the limitation period does not commence to run until a cause of action has accrued; that is, until suit may properly be brought.  And this is true notwithstanding the form of words employed in the contract, as in the one before us, is " within one year from the date

of death." *McConnell v. Association,* 79 Iowa, 757; *Matt v. Association,* 81 Iowa, 135.

So too, where by the terms of the contract, it is provided that the insurer shall have a time stated after proofs are filed in which to make payment, a cause of action does not accrue upon the contract until after the expiration of the time agreed upon. McConnell v. Association, *supra; Read v. Insurance Co.,* 103 Iowa, 307. Now, included in the provisions of the policy in suit, there is no requirement in respect to the time within which proofs of death should be furnished. It is provided, as we have seen, that the insurer should have ninety days after the filing of proofs in which to make payment. This then is the situation; proofs of death were furnished June 9, 1902, and ninety days thereafter a cause of action accrued upon the contract. As this action was commenced August 31, 1903, it must be held to have been in time.

**2. SAME.**

But counsel for appellee insist that a cause of action upon the contract accrued to plaintiffs on May 14, 1902, or, at least, following ninety days after that date. And this contention is predicated upon a letter written by defendant to plaintiff Kiisel on that date, and which letter it is insisted amounted to a denial of all liability under the contract. The letter was introduced in evidence by plaintiffs, and the substance thereof is as follows: "We are in receipt of your favor of the 9th instant, and herewith inclose proof blanks which we do at your request without prejudice to or waiver of any of the rights or defenses of the company in the premises. We would further state that certificate issued to Henry S. Kiisel lapsed for the nonpayment of premiums due April 1, 1902. If, however, you persist in making claim under the above policy, the company will require the performance of all conditions precedent as provided in the contract." The argument is that upon a denial of liability by the promisor before the time of performing the contract arrives, the promisee may treat

**3. SAME: waiver of limitations.**

this as a breach of the contract and may at once begin his action to enforce the same. The argument does not meet the case. Undoubtedly there are some forms of contract under which a breach may be asserted by action before the time fixed for performance has fully elapsed. But even in such cases the promisor must expressly renounce the contract. *Crabtree v. Messersmith,* 19 Iowa, 179; *Inman v. Cereal Co.,* 124 Iowa, 737.

It is not enough that he merely deny liability under the contract; as, for instance, that he shall assert that in some way he has been relieved from such liability, or that he declare that he does not owe the debt stipulated for by the terms of the contract, and hence will resist any attempt made to enforce performance or compel payment. *Quinn v. Insurance Co.,* 71 Iowa, 615; McConnell v. Association, *supra.* Now the letter relied on goes no farther than to state the fact of a lapse arising out of nonpayment of premiums. It may be that in the opinion of the writer the existence of such fact was sufficient to relieve the company from any further liability on the contract, but the occasion did not call for any renunciation of the contract, and the language used cannot be distorted into an attempt in that direction. Indeed, as we view it, the statement of the fact taken by itself did not amount even to a denial of liability. But, if this were not so, the concluding sentence of the letter must be accepted as putting the question at rest. Therefrom it is apparent that the company did not renounce any of its rights, either substantive or as related to procedure, under the contract. In effect, plaintiff was there told that, if he did not elect to abandon all claim under the contract, he must proceed in strict accordance with all the provisions and conditions thereof; that is, he must make his formal and satisfactory proofs, and must thereafter wait the stipulated time to enable the company to investigate and determine.

It is upon these considerations that we base our conclusion for error in the ruling complained of. In view thereof, the judgment is reversed, and a new trial ordered.— *Reversed.*