27186. SKEEN *v.* AMERICAN NATIONAL INSURANCE CO.

DECIDED JANUARY 23, 1939.

*Paul E. Blanchard,* for plaintiff.

*Battle & Smith,* for defendant.

FELTON, J. This action was brought by the beneficiary in a policy of insurance issued on the life of Jesse Peacock. The policy was issued on January 2, 1928, and the insured died on May 12, 1928. Demand for payment of the amount of insurance called for by the policy was made by letter to the company about May 14, 1937. On May 18, 1937, the defendant wrote to the plaintiff that they were referring her letter to the local superintendent who would be pleased to let her have blanks for filing proofs of death and otherwise assist her in presenting the claim to the company for attention. On May 28, 1937, defendant wrote to the plaintiff that the policy had lapsed for nonpayment of premiums on March 5, 1928, and the policy had no value unless she could furnish evidence of further premium payments. The beneficiary then obtained an affidavit from a former agent of the company, whose duty it had been to collect premiums on the policy sued on, that sufficient premiums had been paid to maintain the policy in force beyond the time of the death of the insured. On August 20, 1937, the defend-

ant wrote to the plaintiff and denied her claim and returned to her the policy and the proof of death that had been filed by her. The policy of insurance sued upon contained the following provisions: "to pay, immediately upon receipt of due proof of death of the insured made in the manner, to the extent and upon the blanks required herein;" and "no suit shall be brought against the company after two years from the date of the death of the insured. If any suit be commenced after two years, the lapse of time shall be conclusive evidence against any claim, the provisions of any and all statutes of limitations to the contrary notwithstanding." If there was a provision providing for the time of filing of the proof of death, it does not appear from the record. The court sustained the general demurrer, and the plaintiff excepted.

1. The plaintiff relies on the case of *Cordell* v. *Metropolitan Life Insurance Co., 54 Ga. App.* 178 (187 S. E. 292), to sustain his proposition that the solicitation on the part of the company of the proof of death constituted a waiver of the limitation in the policy dealing with actions brought after the expiration of two years. We do not think the decision in the *Cordell* case, supra, is applicable to the case at bar. In that case the policy contained the provision: "nor shall such action be brought at all unless brought *within two years from the expiration of the time within which such proof is required to be filed.*" The court in that case said: "The defendant, having waived the time within which proof of disability should be filed by its conduct requiring the plaintiff to get the certificates as to health from various physicians, necessarily waived the time within which the proof of disability was required. Therefore the suit was not barred, since it was clearly *brought within two years after these certificates of health were procured and delivered to the defendant.*" (Italics ours.) The distinction becomes readily apparent, for in the *Cordell* case the limitation of action on the policy dated from the date of the notice or proof of loss, and in the instant case the limitation dated from the date of the death of the insured. In the *Cordell* case there was a specified time set out in the policy for filing proofs of loss, and after the expiration of that time the company, after leading the beneficiary to believe that the limitation of time for filing such proofs would not be insisted upon, and after having the beneficiary go to trouble and expense in filing the proofs of loss, could not insist that the

proofs were not filed in time. The company accepted the original proofs and required the beneficiary to obtain certificates of health from various doctors, and participated in an attempted settlement with the beneficiary. Such conduct on the part of the company was a position so inconsistent with that of insistance upon the limitation of time for filing the proofs that the court held it constituted a *waiver of the time of filing the proofs,* and a suit brought within two years from the time of filing such proofs was filed in time under the terms and conditions of the policy itself. In the instant case demand was not made on the insurance company for payment of the policy until a longer time had elapsed than that provided for filing suit. Under the terms of the policy, though the beneficiary could file proof of death, and might have a right against the insurance company for refusal to pay the insurance, under the terms of the policy she could not pursue her remedy because the remedy had been barred. The fact that the company offered to assist her in presenting her claim for consideration by the company does not amount to a waiver of the time for bringing the suit, but was a courteous offer of co-operation on its part. There might have been a moral duty on its part to pay the policy, but the legal right to bring the suit had been barred to the beneficiary.

2. The second proposition of the plaintiff in error is that the denial of liability on the ground that the policy had lapsed because of nonpayment of the premiums was inconsistent with and a waiver of the contention that an action would not lie on the policy because it was brought after the expiration of the two-year limitation in the policy. We do not think the contentions of the company are so inconsistent as to estop the company from availing itself of the limitation. At the time the proof of loss was filed the company notified the beneficiary that the policy had lapsed for nonpayment of premiums. At that time no necessity for availing itself of the defense of limitations had arisen, and under the unconditional terms of the policy no necessity should have arisen. There is no question in this case of the company lulling the beneficiary into inaction by any fraud or misrepresentation, nor is there any conduct on the part of the company that would tend to lead the beneficiary to believe that the limitation would not be insisted upon. In fact, there were no dealings between the company and the beneficiary until the time for bringing suit on the policy had passed. Under the facts

in this case we do not think the company had waived the defense of limitation. The court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*