TOWNSEND, Appellant, v. MILWAUKEE INSURANCE COMPANY, Respondent.

*January 8—February 6, 1962.*

For the appellant there was a brief by *Eisenberg & Kletzke,* attorneys, and *Edwin A. Star* of counsel, all of Milwaukee, and oral argument by *Mr. Star.*

For the respondent there was a brief by *Whyte, Hirschboeck, Minahan, Harding & Harland,* attorneys, and *Reginald W. Nelson* of counsel, all of Milwaukee, and oral argument by *Mr. Nelson.*

DIETERICH, J. The defendant Milwaukee Insurance Company issued to Townsend on June 22, 1956, a standard form fire insurance policy pursuant to sec. 203.01, Stats.[1]

The record reveals the fires for which plaintiff seeks recovery occurred June 10, 1958, and June 27, 1958; that proofs of loss as to each alleged fire, dated August 25, 1959, were submitted by Townsend to Milwaukee Insurance Company, which acknowledged receipt thereof on September 28, 1959. The Milwaukee Insurance Company disclaimed liability and accordingly rejected the proofs of loss and returned them to plaintiff on the ground that notice of the respective fires was not given within a reasonable time and that the proofs of loss did not constitute a proof of loss within the terms of its policy, and sets up as a separate defense to the action that the provisions of sec. 203.01, lines 157 to 161 inclusive, Stats., preclude the commencement of a suit on the policy unless commenced within twelve months after inception of the loss, and that the plaintiff in the instant case did

---

[1] 203.01 (1) ". . . The following policy form is declared to be and shall be known as the 'Standard Policy.' . . .

203.01, lines 90 and 91. ". . . The insured shall give immediate written notice to this Company of any loss, . . .

203.01, lines 97, 98, and 99. ". . . and within sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss, . . .

203.01, lines 157 to 161, inclusive. "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss. . . ."

not commence his suit until some twenty months after the inception of the losses.

The affidavit of the defendant, in support of its motion for summary judgment, was made by a branch manager of the Milwaukee Insurance Company, and sets forth all of the material allegations of the complaint relating to the issuance of the policy and all of the allegations of its answer, and in further support of its motion sets forth that the action was not commenced within twelve months next after inception of the fire loss as provided for in sec. 203.01, Stats.

The counteraffidavit was made and submitted by one of plaintiff's attorneys and was based entirely on information and belief. The affidavit sets forth the same identical facts that were contained in the complaint. The affidavit sets forth that on August 12, 1959, the affiant wrote a letter to Milwaukee Insurance Company in which he related that he had been in contact with one of the agents of the Milwaukee Insurance Company concerning the two fires and that he had informed one Mr. White of the Milwaukee Insurance Company that his law firm had been retained by Townsend, and then sets forth that various other contacts had been made with the Milwaukee Insurance Company with reference to the fire losses. The affidavit further states upon information and belief that the plaintiff Townsend was unaware of the fire insurance policy until shortly after July 22, 1959, when he received a bill dated July 22, 1959, from a local insurance agency for premium due on a renewal policy.

The affidavit fails to disclose any reason which would excuse the plaintiff's failure to bring the action more promptly, nor does it raise an issue as to waiver or estoppel on the part of the defendant. The counteraffidavit herein submitted on information and belief does not satisfy the requirements

of sec. 270.635(2), Stats.[2] The opposing party to a motion for summary judgment is required by affidavit or other proof to show facts which the court shall deem sufficient to entitle him to a trial. The other proof means something besides the allegations in the pleadings. Such affidavit must set forth evidentiary facts and must be made by persons who have knowledge thereof. *McChain v. Fond du Lac* (1959), 7 Wis. (2d) 286, 96 N. W. (2d) 607; *McNally v. Goodenough* (1958), 5 Wis. (2d) 293, 92 N. W. (2d) 890; and *Edwards v. Gross* (1958), 4 Wis. (2d) 90, 90 N. W. (2d) 142.

The statute specifically provides that the suit must be commenced within twelve months after the inception of the loss. The inception means the beginning, the commencement, the origination. The loss in the present action had its inception at the time of each of the fires. Because no reason or excuse is given for failure to commence the action within the statutory period, no substantial issue of fact remains to be determined and on that basis the judgment is affirmed.

*By the Court.*—Judgment affirmed.

---

[2] "The judgment may be entered in favor of either party, on motion, upon the affidavit of any person who has knowledge thereof, setting forth such evidentiary facts, including documents or copies thereof, as shall, if the motion is by the plaintiff, establish his cause of action sufficiently to entitle him to judgment; . . ."