## 39751.   LANIER v. COASTAL STATES LIFE INSURANCE COMPANY.

DECIDED OCTOBER 17, 1962—
REHEARING DENIED OCTOBER 31, 1962.

Austin & Moore, Donald E. Austin, Wm. H. Moore, for plaintiff in error.

Smith, Kilpatrick, Cody, Rogers & McClatchey, Connerat, Dunn, Hunter, Cubbedge & Houlihan, Spencer Connerat, Jr., contra.

FELTON, Chief Judge. It is well settled that reasonable contractual limitations in insurance policies on the time within which suits may be commenced after the inception of the loss are valid contractual provisions and that in the absence of facts to show a waiver by or estoppel against the insurer, the provision is binding upon the insured, and the insurer is entitled to rely on it. Aiken v. Northwestern &c. Ins. Co., 106 Ga. App. 220 (126 SE2d 630) and cit. The mere denial by the insurer of all liability or its refusal to pay does not in itself waive such provisions. Metro-

*politan Ins. Co. v. Caudle,* 122 Ga. 608 (50 SE 337); *Skeen v. American Nat. Ins. Co.,* 59 Ga. App. 364 (1 SE2d 44). There must be something more, such as an affirmative act of concealment, which gives evidence that the insurer is not fulfilling its obligation to the insured of the utmost fair dealing. 171 ALR 579.

In *Union Fire Ins. Co. of Paris v. Stone,* 41 Ga. App. 49 (152 SE 146), the insured had delivered his policy to an agent of the insurance company for the purpose of having attached to it a "loss-payable clause" and he sustained a loss while the policy was in the possession of the insurer. The insurer denied liability and refused to redeliver the policy to the insured at his request and while it was in the insurer's possession the time for bringing a suit under the contractual limitation expired. The court (headnote 2), in holding that the insurer's conduct estopped it from asserting the contractual limitation as a defense to the insured's suit, said that "where the necessity for an assertion by either party of a right under the policy does not arise until after the insured has parted with possession of the policy, the company, in equity and good conscience, can not afterwards, while wrongfully withholding the policy from the insured, assert a right which, under the terms of the policy, would not have accrued to it but for the conduct of the insured after he had parted with possession of the policy, and the accrual of which right to the company the insured, but for his ignorance of the contents of the policy, could have prevented." The case at bar is an even stronger one for the insured, in that the plaintiff had never even had access to the policy at all because the company not only had never delivered the original policy to the insured, or, upon his death, to the beneficiary, but had refused to supply the beneficiary with even a copy of the policy by which to ascertain his rights arising thereunder. While it is true that, under the provisions of *Code* § 37-116, "notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led" and "ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of parties," the plaintiff's failure to discover the two-year contractual limitation in the policy was not caused by his own negligence, but rather by the insurer's affirmative act of with-

holding from him the policy to which he was entitled as benefi-
ciary and which was necessary for the bringing of a suit thereon.
The plaintiff's request for the copy of the policy from the in-
surer's agent, its counsel, was all the inquiry which should rea-
sonably be required of him under the circumstances. It would be
unconscionable to allow the insurer to decide the merits of the
plaintiff's claim and at the same time to withhold the papers by
which the plaintiff might ascertain his rights under the policy
and bring suit to prove his claim.

The court erred in sustaining the plea of limitation.

*Judgment reversed. Bell and Hall, JJ, concur.*