OLSON ENTERPRISES, INC., appellant, v. CITIZENS INSURANCE COMPANY OF NEW JERSEY, appellee.

No. 50866.

(Reported in 121 N.W.2d 510)

MAY 7, 1963.

Vincent M. Hanrahan and Henry W. Wormley, both of Des Moines, for appellant.

Bannister, Carpenter, Ahlers & Cooney, of Des Moines, for appellee.

PETERSON, J.—This is an action on a policy insuring a home in Des Moines which was destroyed by fire. The one question in the case is whether or not the action is barred by the terms of the policy, the statute as to insurance, and the general statute of limitations. The trial court sustained a motion to dismiss on the basis that the case was barred. Plaintiff appealed.

The house which was destroyed by fire was located at 1435 University Avenue in Des Moines. It was purchased from plaintiff by L. S. Amerison and wife on July 15, 1959, on a real-estate contract. March 27, 1960, Mr. and Mrs. Amerison purchased an

insurance policy in the amount of $18,000 from defendant-company through its Des Moines agent. The policy was taken out for five (5) years commencing March 27, 1960.

January 5, 1961, a fire destroyed the major portion of the house. At that time there was unpaid on the real-estate contract the sum of $10,665.12, together with unpaid and delinquent taxes in the amount of $877.95. The action is for $11,543.07 and interest. The owners did not sue, but the policy carried an endorsement protecting the first lien interest of plaintiff. It was an Iowa standard fire policy and two of its provisions were identical with the statutory provisions appearing in section 515.138, 1962 Code of Iowa, as follows:

"*When loss payable.* The amount of loss for which this company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this company and ascertainment of the loss is made either by agreement between the insured and this company expressed in writing or by the filing with this company of an award as herein provided.

"*Suit.* No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

Appellant commenced action on February 8, 1962, thirteen months and three days after the fire. Notice of the fire and the loss was served on defendant within sixty days after the fire.

It is the contention of appellant that the action did not accrue until March 5, 1961, sixty days after the occurrence of the fire. Appellant leans heavily on section 614.1, which appears in the Code under Limitations of Actions. It is as follows: "Actions may be brought within the times herein limited, respectively, after their *causes accrue,* and not afterwards, except when otherwise specially declared." (Emphasis supplied.)

Appellant cites several early decisions of this court which hold that the statute of limitations does not commence to run until the end of the sixty-day period. In other words, they hold the action had not accrued until the end of such period, under the statutory provision above quoted.

The difficulty with the position of appellant is that such provisions of the cases cited have been superseded and overruled by the statutory provision above quoted stating that the action must be commenced within twelve months after "inception of the loss."

No cases have been cited by appellant later than the case of Kiisel v. Mutual Reserve Life Ins. Co., 131 Iowa 54, 107 N.W. 1027, which was announced June 12, 1906. The decision in the Kiisel case is based upon several previous decisions to the same effect. Appellant claims these cases are decisive as to the case at bar. In view of the provisions of the standard fire insurance policy and of the statutes upon which the policy is based, the judicial holdings in several early cases in Iowa are not now effective.

The statutory provision containing the clause "inception of the loss" was adopted in 1946 and after that date the question at issue was settled by the statutory announcement.

It is possible the earlier statutory provision, appearing as section 9018 in the 1939 Code, gave some semblance to the judicial interpretations in the Kiisel and several previous cases. As to limitation the statute read: "twelve months next after the right of action for the loss accrues."

This doubt, if there was any, was clarified in 1947 by the adoption of chapter 263 of the Acts of the Fifty-second General Assembly, which is now section 515.138, 1962 Code, above quoted.

No decision has heretofore been rendered by this court specifically interpreting the statute.

 The present statute is clear in its wording and does not need judicial construction. This principle has often been expressed by this court. It is stated in Andrew v. Savings Bank of Larchwood, 214 Iowa 204, 207, 242 N.W. 80, in the following words: "Where a statute clearly expresses the intent of the legislature, there is in fact no room for construction."

The principle was again stated in Stuart v. Pilgrim, 247 Iowa 709, 716, 74 N.W.2d 212, where we said: "It is neither necessary nor wise to go beyond the language of the statute itself to determine its meaning, when its wording is clear."

The well-known principle that specific provisions of a statute supersede general statements is also effective in this case. Section 515.138 controls the specific question of the form of an insurance policy. Section 614.1 is general as to all actions. In State v. Flack, 251 Iowa 529, 534, 101 N.W.2d 535, we stated: "It is a fundamental rule of statutory construction frequently applied by us that where a general provision of statute and a special one conflict, the latter will prevail and the former must give way. The special provision will be considered an exception to or qualification of the general one. The rule applies even though the special provision was passed before the general one."

The question as to the date of commencement of the running of the limitation statute has been settled in many states where insurance policy provisions, and statutes with reference to standard policies similar to ours, are in force and effect.

The standard type of insurance policy is what is generally known as the New York type. It was first adopted in the state of New York and has been followed in Iowa and many other states since its original adoption.

In Margulies v. Quaker City Fire and Marine Insurance Co. (1950), 276 App. Div. 695, 699, 97 N. Y. S.2d 100, 104, the court held: "We believe that the words 'inception of the loss' convey that intention with reasonable clarity. 'Inception' means the beginning, the commencement, the origination. 'Inception of the loss' is equivalent to the occurrence of the casualty or event insured against. We hold, therefore, that the suit, not having been commenced within twelve months after the 'inception of the loss,' that is, *the occurrence of the casualty insured against*, the claim is barred." (Emphasis ours.)

In Bell v. Quaker City Fire and Marine Insurance Co. (1962), 230 Ore. 615, 625, 370 P.2d 219, 224, the Oregon court followed the New York state court and used the following language: "We are, therefore, of the opinion that the 1945 amendment has made no change in the law as enunciated by this court in Egan v. Oakland Insurance Co., supra, and that, since the present action was not commenced *within 12 months after the fire*, it is barred." (Emphasis ours.)

The Virginia court passed on the question in the case of

Ramsey v. Home Insurance Co. (1962), 203 Va. 502, 125 S.E.2d 201, 204, in the following language: "It says in plain, unambiguous words that no suit shall be sustainable unless it is commenced within twelve months next after the inception of the loss. It was enacted by the General Assembly after this court had twice said that time should be counted from the date of the fire."

The same question was approved in the Georgia case of General Insurance Co. v. Lee Chocolate Co. (1958), appearing in 97 Ga. App. 588, 590, 103 S.E.2d 632, 634, using the following language: "The defendant in error further contends that the one-year limitation began to run in the instant case when the defendant insurer finally denied the claim on or about August 20, 1955. This contention is without merit. The contract between the parties clearly states that such one-year limitation began to run from the date of the loss."

It was also approved by the North Carolina Supreme Court in the case of Boyd v. Bankers & Shippers Insurance Co. (1957), appearing in 245 N. C. 503, 515, 96 S.E.2d 703, 713, as follows: "The record discloses that the fire occurred on November 26, 1953. And this action was commenced by summons dated November 27, 1954—more than twelve months from the inception of the loss. * * * The trial Judge properly allowed the motion for judgment as of nonsuit on the ground of failure of plaintiffs to commence the action within twelve months next after inception of loss."

The theory was also approved in our sister state of Wisconsin in case of Townsend v. Milwaukee Insurance Co., 15 Wis.2d 464, 468, 113 N.W.2d 126, 129, in the following language: "The statute specifically provides that the suit must be commenced within twelve months after the inception of the loss. The inception means the beginning, the commencement, the origination. The loss in the present action had its inception at the time of each of the fires."

Also see the Georgia case of Aiken v. Northwestern Mutual Insurance Co. (1962), 106 Ga. App. 220, 126 S.E.2d 630; Springfield Fire and Marine Insurance Co. v. Biggs, an Oklahoma case appearing in 295 P.2d 790; and the Ohio case of

Metz v. Buckeye Union Fire Insurance Co. (1957), appearing in 104 Ohio App. 93, 147 N.E.2d 119.

In view of this overwhelming weight of authority to the effect that the words "inception of the loss" refer to the date of the fire or the casualty we adopt the principle in our state.

The order and judgment of the trial court sustaining the motion to dismiss is affirmed.—Affirmed.

All JUSTICES concur.