COACH HOUSE INN, INC., Appellant, v. GREAT AMERICAN INSURANCE COMPANY, Respondent.

*No. 96. Argued March 28, 1972.—Decided May 2, 1972.*
(Also reported in 196 N. W. 2d 636.)

For the appellant there was a brief by *Rakita & Rakita* and *Richard J. Rakita,* all of Milwaukee, and oral argument by *Richard J. Rakita.*

For the respondent there was a brief by *Kenneth M. Kenney* and *Wolfe, O'Leary, Kenney & Wolfe,* all of Milwaukee, and oral argument by *Kenneth M. Kenney.*

WILKIE, J. The narrow issue presented by this appeal is whether the one-year limitation on actions as contained in this policy is valid under Wisconsin statutes. Although the respondent argues that the alleged loss is not covered by the policy, we do not reach that argument and neither did the trial court. We are concerned solely with the time limit on commencing the action, assuming that the loss is covered.

A consideration of the statutes involved must begin with sec. 201.19 (1), which provides:

"No policy shall contain any provision limiting the time for beginning an action on the policy to a time

less than that authorized by the statutes, provided that the time within which an action must be brought on the insurance policies provided in ss. 202.085 and 203.01, shall also apply to any rider or endorsement attached thereto insuring property against risks of loss enumerated in s. 201.04 (1) or to any separate windstorm or hail insurance policy issued pursuant to s. 201.04 (1); or incorporate any matter not fully set forth therein, or in a copy of any application attached to and made a part of such policy at the time of its delivery; or prescribe in what court any action may be brought thereon or that no action shall be brought."

Both the standard mutual and stock insurance policies, as set out in secs. 202.085 and 203.01, Stats., lines 157–161, provide that any suit on the policies must be brought within one year of the inception of the loss. The precise question, then, is whether the provision being sued on here ("interruption by civil authority") is a valid fire insurance provision, thus making sec. 201.19 (1) applicable. To reach this conclusion we must consider sec. 201.04 (1), which describes the losses covered by fire insurance:

"(1) Fire Insurance.—Against loss or damage to property, by fire, lightning, hail, tempest, explosion, and against any other loss or damage from any cause to property or in the use of, or income from property."

The result in this case turns on whether the loss now sued for is "any other loss or damage from any cause to property or in the use of, or income from property." The trial court determined that the loss of revenue from the civil disturbance was covered by this section. We agree.

Appellant advances two arguments in support of its assertion that the loss sued upon is not covered by sec. 201.04 (1), Stats., and that the policy provisions limiting actions to one year is invalid under the general provision of sec. 201.19 (1). The first argument is that "any

other loss or damage" under sec. 201.04 (1) is not "enumerated in s. 201.04 (1)" within the meaning of sec. 201.19 (1). Appellant argues that "enumerated" means losses which are specifically designated by sec. 201.04 (1), thereby excluding "other loss" not specifically mentioned. While appellant is correct in its definition of the word "enumerated," such a definition does not exclude "any other loss or damage." Quite clearly such losses are "enumerated" within sec. 201.04 (1) just as losses "by fire, lightning, hail, tempest, [or] explosion." Such an "other loss" provision in the statute is certainly more general than the specific hazards listed in the section, but the "other loss" provision is just as much "enumerated" in the statute as any of the specific loss provisions. Thus the "any other loss" provision is enumerated in sec. 201.04 (1) and is subject to the one-year limitation as provided in secs. 201.19 (1) and 203.01.

The second assertion raised by appellant is that under the doctrine of *ejusdem generis* [1] the loss being sued for does not fall within the class of losses covered by the statute. This court has made clear that the provisions of sec. 201.04 (1), Stats., apply to more than simply those types of losses specificially mentioned.[2] The question is what types of losses are covered in addition to those named. Appellant contends that only those types of losses resulting from physical damage to property are covered and that the type of loss presently being sued upon is not such a physical loss.

[1] In *National Amusement Co. v. Department of Revenue* (1969), 41 Wis. 2d 261, 272, note 3, 163 N. W. 2d 625, the court defined *ejusdem generis* as follows: " 'Where general words follow specific words in an enumeration describing the legal subject, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words.' " 2 Sutherland, *Statutory Construction* (3d ed.), p. 395, sec. 4909.

[2] *Riteway Builders, Inc. v. First National Ins. Co.* (1964), 22 Wis. 2d 418, 423, 126 N. W. 2d 24.

Both parties rely upon *National Amusement Co. v. Department of Revenue* [3] on the question of whether the loss of revenue is excluded from the statute by the doctrine of *ejusdem generis*. In that case this court considered the rule of *ejusdem generis* as applied to sec. 77.52 (1) (a) 7 of the statutes where the general term is "other establishments." In the present case, however, the statute makes clear that the losses covered by fire insurance are not limited to simply physical loss. The statute's general language is "any other loss or damage from any cause to property or *in the use of, or income from property.*" (Emphasis added.) Thus, here there is language clearly manifesting a legislative intent to enlarge the scope of fire insurance coverage. We have previously indicated that "the doctrine of *ejusdem generis* is not to be applied where there is a clearly manifested legislative intent that the general term be given a broader meaning than the doctrine requires." [4] Because in the present case the legislature has indicated that the insurance extends not only to damage "to" property, but also "in the use of, or income from property" the *ejusdem generis* argument advanced by appellant is not appropriate.

Appellant also contends that if this court finds the loss sued for is covered by sec. 201.04 (1), Stats., it renders the general section of the statute, sec. 201.04 (17), [5] meaningless. But such an argument makes the unwarranted assumption that an affirmance in the

---

[3] *Supra,* footnote 1.

[4] *State ex rel. Thompson v. Nash* (1965), 27 Wis. 2d 183, 188, 133 N. W. 2d 769.

[5] "201.04 **Purposes; classification.** An insurance corporation may be formed for the following purposes: . . . (17) Other Casualty Insurance.—Against loss or damage to property by any other casualty which may lawfully be the subject of insurance, and which shall be specified in the articles of organization, and for which no other provision is made by law."

present case necessitates a finding that every possible loss would be covered by sec. 201.04 (1). The contention also overlooks the purpose of sub. (17), which allows an insurance company to be established specifically for other types of casualty loss not enumerated in the other sections of the statutes. It is possible that a company could be established to issue only insurance for the type of loss claimed by appellant. In such a situation sub. (17) would provide for such a limited type of insurance. The fact that a company might write exclusively one type of insurance does not mean that a fire insurance company could not validly issue the same protection as part of its fire insurance policy under sub. (1). In fact, the language of sub. (1) is broader than the language of sub. (17), thus indicating that a fire insurance company has broad powers to issue insurance on many different kinds of losses. All sub. (17) does is authorize the establishment of insurance companies who wish to issue other types of coverage not specifically found in the other sections of the statutes.

We conclude, therefore, that the endorsement covering civil disturbances is included under the fire insurance statute and the policy limitation contained in the policy is valid under the provisions of secs. 201.19 (1) and 203.01, Stats.

*By the Court.*—Judgment affirmed.