HEEZEN and wife, Respondents, v. HARTLAND CICERO MUTUAL INSURANCE COMPANY, Appellant.

*No. 292. Argued April 2, 1974.—Decided May 7, 1974.*
(Also reported in 217 N. W. 2d 272.)

For the appellant there was a brief by *Bradford & Gabert* of Appleton, attorneys, and *Thomas A. Woodrow* of Neenah, of counsel, and oral argument by *Stanley R. Gabert*.

For the respondents there was a brief by *Miller, Gerlikowski & Suemnick* and *Edwin A. Gerlikowski,* all of Green Bay, and oral argument by *Edwin A. Gerlikowski*.

HANLEY, J. The sole issue presented on appeal is whether the trial court erred in denying the defendant's motion for summary judgment.

The multiperil policy of insurance which was to be issued in the instant action incorporated therein the provisions of the statutory standard fire policy as provided for by sec. 203.01, Stats. The provision material for this appeal states:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been

complied with, and unless commenced within twelve months next after inception of the loss."

Such a provision being incorporated in the policy, the defendant contends the commencement of any action on the policy is limited to twelve months after the inception of the loss and since the action was commenced seventeen months after the inception of the loss, the policy provisions constitute an absolute defense.

The validity of such a contractual limitation has been previously upheld by this court [1] provided such time is not too short so as to be unreasonable.[2] The incorporation of such a standard fire policy provision in a multi-peril policy has been recognized by this court [3] and has under specific circumstances been held sufficient to support a motion for summary judgment.[4]

While the incorporation of a policy provision that any suit upon the policy must be commenced within a specified time after inception of a loss may constitute an absolute defense sufficient to support a motion for summary judgment on an action on the policy, the insurance company may be estopped from reliance upon such a policy provision or may be deemed to have waived it.[5] If the affidavits and exhibits submitted by the parties in a proceeding on a motion for summary judgment present conflicting evidence on material facts and raise substantial factual questions as to whether the defendant insurance company waived or is estopped from relying

[1] *Coach House Inn, Inc. v. Great American Ins. Co.* (1972), 54 Wis. 2d 541, 196 N. W. 2d 636.

[2] *Griem v. Fidelity & Casualty Co.* (1898), 99 Wis. 530, 75 N. W. 67.

[3] *Riteway Builders, Inc. v. First National Ins. Co.* (1964), 22 Wis. 2d 418, 126 N. W. 2d 24.

[4] *Townsend v. Milwaukee Ins. Co.* (1962), 15 Wis. 2d 464, 113 N. W. 2d 126.

[5] *Id.*

upon the contractual limitation, summary judgment may not lie.[6]

This court has held that an insurance company may waive or be estopped from reliance upon a provision requiring any action upon an insurance policy to twelve months after the inception of loss.[7] The invoking of such equitable doctrines has been, however, limited to situations wherein the insurer induced the insured to suspend or delay proceedings.

The equitable doctrines of estoppel and waiver are not limited to such factual circumstances. We think the insurer may be estopped when it wrongfully or unjustifiably withholds the policy of insurance from the insured.

In *Fredericks v. Farmers Reliance Ins. Co. of New Jersey* (1963), 80 N. J. Super. 599, 194 Atl. 2d 497, the trial court granted the insurer's motion for summary judgment on the ground that a one-year statute of limitations included in the fire insurance policy constituted an absolute defense. The insurer therein had promised at the insured's request to furnish him a copy of the policy of insurance but had failed to do so. Some twenty-seven months after the fire loss, the insured commenced an action to recover thereunder and was precluded from recovery by the trial court's ruling that, as a matter of law, the insured was precluded from advancing the defense of estoppel. On appeal the court reversed the trial court's entry of summary judgment ruling that:

". . . As a matter of fairness and logic it [estoppel] should apply to a case where an insurance company invokes against its insured the defense of a limitations condition fixed by the policy to which the insured has not had the opportunity to be alerted because the company has unjustifiably withheld the policy from him." *Id.* at page 602.

---

[6] *Zepczyk v. Nelson* (1967), 35 Wis. 2d 140, 150 N. W. 2d 413.

[7] *Fischer v. Harmony Town Ins. Co.* (1946), 249 Wis. 438, 24 N. W. 2d 887.

The court in *Fredericks* relied upon the earlier decision of *Union Fire Ins. Co. of Paris, France v. Stone* (1930), 41 Ga. App. 49, 152 S. E. 146, in which the court also applied the equitable doctrine of estoppel against the insurer's reliance on a one-year contractual limitation. Therein the insurer, after delivery of a fire policy, demanded its return for the purpose of attaching a "loss payable clause." The insurer, after notification of the loss, refused the request of the insured to redeliver the policy and the insured, ignorant of the policy provisions, failed to commence action within the policy provision. Such action the court ruled would estop the insurance company from reliance upon the policy limitation.

". . . Where the necessity for an assertion by either party of a right under the policy does not arise until after the insured has parted with possession of the policy, the company, in equity and good conscience, cannot afterwards, while wrongfully withholding the policy from the insured, assert a right which, under the terms of the policy, would not have accrued to it but for the conduct of the insured after he had parted with possession of the policy, and the accrual of which right to the company the insured, but for his ignorance of the contents of the policy, could have prevented." *Id.* at page 49.

We agree with the trial court that in the instant case the defendant had the duty to either provide plaintiffs with the policy or alert them as to the provisions of the policy.

We conclude that the trial court was correct in denying the defendant insurance company's motion for summary judgment. The plaintiffs sufficiently pleaded the defense of estoppel to the defendant's reliance on the provisions of the policy. Likewise the plaintiffs' affidavits support said pleading.

The trial court in its decision stated upon denying the motion for summary judgment that the only issues remaining for trial were:

1. Was plaintiffs' loss covered under a farm owner's policy, and

2. If so, what are the damages?

We think there is also an issue of fact as to the form and the terms of the insurance afforded.

*By the Court.*—Order affirmed and cause remanded for further proceedings consistent with this opinion.