**CITY OF DEL RIO, Appellant,**

v.

**Patricio G. CONTRERAS, Appellee.**

No. 04–94–00249–CV.

Court of Appeals of Texas, San Antonio.

April 27, 1995.

Rehearing Denied May 22, 1995.

Robert D. Stokes, Charles C. Finch, Flahive, Ogden & Latson, Austin, for appellant.

Jesus M. Dovalina, Knickerbocker, Cowan, Heredia & Jasso, P.C., Del Rio, Timothy Patton, Pozza & Patton, San Antonio, for appellee.

Before CHAPA, C.J., and HARDBERGER and DUNCAN, JJ.

OPINION

DUNCAN, Justice.

Patricio Contreras filed a claim with the Texas Workers Compensation Commission against the City of Del Rio for lifetime benefits under the Workers' Compensation Act. Dissatisfied with the Commission's decision, the City filed suit to set aside the Commission's award. In the district court, Contreras alleged that an on-the-job injury "caused or contributed to cause the total loss of use of both *legs,*" such that Contreras was totally and permanently disabled and entitled to life-

time benefits. The City did not dispute liability for the accident, but instead attempted to limit Contreras's recovery to 400 weeks of benefits on the ground that Contreras had not sustained a total loss of the use of both of his *feet* at or above the ankles under section 11a(2) of article 8306 of the Workers' Compensation Act. The jury found that Contreras had totally and permanently lost the use of both of his *legs* at or above the ankle and, on the basis of the jury's verdict, the trial court awarded Contreras lifetime benefits. The City appeals on three points of error, all relating to the amount of the award. We overrule the City's points of error and affirm the judgment.

Contreras was cleaning a chip spreader, a machine that spreads gravel on the streets, when another City employee accidentally started the machine. Contreras was knocked off balance, fell off the machine, and landed on both of his knees on a shovel. Although Contreras continued to work for three or four months before seeking medical treatment, arthroscopic surgery was eventually required for both knees. Due to the deteriorating condition of the right knee, a total knee replacement was required. Doctors for both the City and Contreras agreed that a total left knee replacement would be required in the next several years and that Contreras would be unable to return to work.

In its first point of error, the City argues that the trial court erred in rendering judgment for lifetime benefits, because lifetime benefits are available to claimants under section 11a(2) only for the total loss of use of both feet—not legs—at or above the ankles. Therefore, the City argues, the jury's verdict will not support an award of lifetime benefits.

Section 11a provides that the following injuries "shall be conclusively ... held to be total and permanent," such that "total loss of the use of a member shall be equivalent to" "total and permanent loss of such member":

(1) The total and permanent loss of sight of both eyes;

(2) The loss of both feet at or above the ankle;

(3) The loss of both hands at or above the wrist;

(4) A similar loss of one hand and one foot;

(5) An injury to the spine resulting in permanent and complete paralysis of both arms or both legs or of one arm and one leg; and

(6) An injury to the skull resulting in incurable insanity or imbecility.

In these cases, "the total loss of the use of a member shall be equivalent to" "the total and permanent loss of such member." Section 11a further provides that the list of injuries deemed total and permanent "is not to be taken as exclusive but in all other cases the burden of proof shall be on the claimant to prove that his injuries have resulted in permanent, total incapacity." TEX.REV.CIV.STAT. ANN. art. 8306, § 11a (Vernon 1927) (repealed).

Section 10(b) provides that, if the claimant's "injury is one of the six (6) enumerated in Section 11a," the claimant is entitled to lifetime benefits; however, "in no other case of total and permanent incapacity" may the claimant recover benefits for a period in excess of 401 weeks from the date of injury. The issue before us is whether this provision permits an award of lifetime benefits under section 10(b) when the injury is not one of those specified in the section 11a list, but is instead deemed as such on the basis of jury findings establishing total and permanent incapacity.

The courts of appeals addressing this issue are split. The Waco Court of Appeals has held, on similar facts, that "without a finding that [the claimant] suffered a loss of use of both feet, the verdict will not support a judgment for lifetime benefits." *Northwestern Nat'l Cas. Co. v. McCoslin,* 838 S.W.2d 715, 718 (Tex.App.—Waco 1992, writ denied). The court apparently reasoned that the loss of the use of a leg at or above the knee constitutes a general injury under section 10 and compensable under section 10(b). Benefits were thus limited to 401 weeks. *Id.* at 717–18.

The Tyler Court of Appeals, on the other hand, again on somewhat similar facts, has held that section 11a's "other loss" provision "extends the relief afforded victims of the injuries listed ... to victims of injuries having the same or similar effect." *Texas Gen.*

*Indem. Co. v. Martin,* 836 S.W.2d 636, 638 (Tex.App.—Tyler 1992, no writ). The court reasoned that the "other loss" provision "is just as much 'enumerated' in the statute as any of the specific loss provisions." *Id.* at 638 (quoting *Coach House Inn v. Great American Ins. Co.,* 54 Wis.2d 541, 196 N.W.2d 636, 639 (1972)); *see also Texas Emp. Ins. Ass'n v. Gutierrez,* 795 S.W.2d 5, 6 (Tex.App.—El Paso 1990, writ denied) ("the finding of 'total loss of use of her right leg' encompasses the loss of the foot at or above the ankle").

In our view, the statutory provisions are at best ambiguous as to whether jury findings establishing a total and permanent incapacity under section 11's "other loss" provision entitle a claimant to lifetime benefits. Accordingly, we construe the Act liberally in favor of the claimant. *See, e.g., Stott v. Texas Emp. Ins. Ass'n,* 645 S.W.2d 778, 780 (Tex.1983); *accord Pansegrau v. National Union Fire Ins. Co.,* 23 F.3d 960, 965 n. 8 & accompanying text (5th Cir.1994). We therefore hold that jury findings establishing a total and permanent incapacity resulting from the loss of use of the claimant's legs at or about the ankles under the "other loss" provision of section 11a entitle a claimant to lifetime benefits. The City's first point of error is overruled.

In its second point of error, the City argues that there is legally insufficient evidence to establish that Contreras suffered a loss of both *feet* at or above the ankle. The court's charge, however, did not ask whether Contreras suffered a loss of both feet at or above the ankle. Rather, the jury found that Contreras suffered a loss of both *legs* at or above the ankle. Therefore, the only viable legal sufficiency complaint available to the City is whether there is sufficient evidence and reasonable inferences to support these jury's findings. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). The City conceded during oral argument that its legal sufficiency complaint is without merit if we overrule its first point of error. We agree and therefore overrule the City's second point of error.

In its final point of error, the City apparently argues two points. First, the City argues that the trial court erred in awarding Contreras both lifetime benefits of $267,321.60 and temporary disability benefits for the loss of use of his left leg of $21,096. In its brief to this court, however, the City neglects to mention that, in the paragraph following this award, the trial court granted the City's request for a credit in the amount of temporary disability benefits awarded— $21,096. The City has not and cannot, therefore, show reversible error. *See* Tex. R.App.P. 81(b)(1). This aspect of the City's third point of error is overruled.

Finally, the City argues that the trial court erred in awarding Contreras lifetime benefits, because lifetime benefits are not authorized when the beginning dates of loss of use are not contemporaneous. The City reasons that such an award effectively compensates the claimant for the specific injury of the loss of use of one leg under section 12, as well as for lifetime benefits for total and permanent incapacity resulting from the loss of use of both legs under section 10(b). The City does not, however, cite us to any case or statutory provision requiring that the loss of use of two appendages under section 11a be simultaneous. Nor have we found any such authority.

In line with this argument, as well as those preceding it, the City also argues that Contreras is limited to "compensation for two specific injuries," *i.e.,* the loss of the use of each leg from the date of the loss of use of that leg. Although it has framed the point of error differently, the City's argument is apparently again that Contreras is limited to recovering compensation for the loss of use of two legs, specific injuries under section 12, *i.e.,* 66⅔% of Contreras's average weekly wage from the date of injury, for a maximum period of 200 weeks, for the loss of use of each leg. We rejected this argument above. The City's third point of error is overruled, and the judgment is affirmed.

CHAPA, C.J., concurs with result.