THOMAS McILVAINE TURNER, Appellant, v. NATIONAL SURETY COMPANY, Respondent.

First Department, January 26, 1917.

Principal and surety — action by ward on bond of general guardian — reinsurance of liabilities of surety company — suit against reinsurer — pleading — reinsurance agreement construed — complaint stating cause of action.

Where the bond of a general guardian issued by a surety company has been "reinsured" by another company, which assumed the obligations of the original surety, the ward for whose benefit the bond was given may, at his majority, maintain an action thereon against the reinsurer.

Where the reinsurance agreement made between the surety companies provided that the reinsurer "shall take the place" of the original surety "as to all said unexpired bonds * * * in all respects with regard to all obligations therein and for loss thereunder on which no written notice of claim was received by any of the officers" of the original surety prior to a certain date, and the complaint of the ward, properly setting out the default of his guardian, specifically alleges that no notice of the claim was received by the original surety prior to said date, but that thereafter when a decree had been made determining the liability of the general guardian and after the failure of his executors to pay upon demand, the guardian's estate being insolvent, a demand was made upon both the original surety and the reinsurer, a demurrer to the complaint should not be sustained on the theory that the reinsurer only assumed responsibility for defaults occurring after the date set. Said complaint does not show that the default took place prior to the reinsurance agreement so as to exclude it from the reinsurance agreement.

APPEAL by the plaintiff, Thomas McIlvaine Turner, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of September, 1916, denying his motion for judgment on the pleadings, consisting of a complaint and demurrer, and sustaining defendant's demurrer.

*Ralph Wolf,* for the appellant.

*Nathan A. Smyth,* for the respondent.

McLAUGHLIN, J.:

Action to recover upon a guardian's bond executed by Thomas M. Turner, as principal, and the Empire State Surety Company, as surety. According to the allegations of the com-

plaint the obligation of the Empire State Surety Company was assumed by the respondent on the 18th day of September, 1912, by virtue of a so-called reinsurance agreement entered into between them. Copies of the bond and reinsurance agreement were annexed to and made a part of the complaint. The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The plaintiff then moved, under section 547 of the Code of Civil Procedure, for judgment on the pleadings. The motion was denied and judgment given for the defendant upon its demurrer, with leave to the plaintiff, upon payment of costs, to serve an amended complaint. The appeal is from said order.

The demurrer, of course, admits all of the allegations of the complaint and inferences fairly to be drawn therefrom.

In 1906 Thomas M. Turner was appointed by the surrogate of Westchester county the general guardian of the plaintiff, then under fourteen years of age. At the time of his appointment, and prior to his qualification as such, the guardian as principal and the Empire State Surety Company as surety, executed a bond to the minor in the sum of $20,000, the condition of which was that the guardian would in all things faithfully discharge the trust reposed in him and obey all lawful directions of the surrogate of · the county of Westchester touching the trust; render a true account of all money and property received; and of the application thereof and of his guardianship "whenever he is required so to do by a court of competent jurisdiction," and if he did so, then the obligation to be void; otherwise, to remain in full force and effect.

On September 18, 1912, pursuant to an agreement in writing between the Empire State Surety Company and the defendant, this bond, among others, was reinsured by the defendant. On January 9, 1915, the general guardian died. He left a will, which was admitted to probate and letters testamentary issued to the executors therein named. Subsequently Maude M. Turner, mother of the infant, was appointed his general guardian. She qualified and entered upon the discharge of her duties as such, and continued to act down to April 6, 1916, when her ward, the plaintiff, became twenty-one years of age. While acting as such general guardian she instituted a pro-

ceeding in the Surrogate's Court of Westchester county for the purpose of requiring the executors of Thomas M. Turner's estate to render and file an account of his acts as general guardian of the infant. Such proceeding resulted in a final decree being entered on January 31, 1916, judicially settling the accounts and proceedings of said general guardian and determining that at the time of his death he, as such, was chargeable with property and money belonging to the infant, less certain credits, amounting to the sum of $21,740.34, with interest thereon from May 10, 1909, to the date of the decree. The minor having become twenty-one years of age, brought this action to recover the sum of $20,000, with interest. The complaint alleges that no notice of claim upon the general guardian's bond was given to or received by the Empire State Surety Company prior to August 22, 1912; that after the decree had been entered, fixing and determining the liability of Thomas M. Turner as general guardian, a demand was made upon his executors for the payment of the amount thus found to be due the minor, which payment was refused; that said estate is insolvent, and that a demand for payment was then made upon the Empire State Surety Company and the defendant, which payment was also refused.

The demurrer was sustained, as appears from the opinion of the learned justice sitting at Special Term, upon the ground that the liability of the Empire State Surety Company on its bond was not one which was assumed by the defendant under its reinsurance agreement. Whether this conclusion be correct necessarily turns upon the construction to be put upon that contract. It recites that the Empire State Surety Company had issued and outstanding certain surety and fidelity bonds (one of which, according to the allegations of the complaint, was the bond under consideration) and desired to be relieved from any and all liability that might accrue thereon, and in pursuance thereof and in consideration of the payment to the defendant of sixty-eight per cent of the current, unearned premium on each of such bonds and policies the defendant "hereby agrees to and hereby does reinsure all the said unexpired surety and fidelity bonds * * * for any default of the principals named in said bonds . * * * occurring after

four o'clock P. M. of the twenty-second day of August, 1912."
The agreement further provided that the National Surety Company would fulfill all of the obligations of the Empire State Surety Company under the bonds "hereby reinsured against loss as above stated, and agrees to adjust all claims arising as aforesaid under any of such bonds * * * at its own expense, and to pay as aforesaid all valid claims arising as aforesaid under said bonds * * * in accordance with their terms and conditions occurring after August 22nd, 1912, at four o'clock P. M.; * * * it being the intention of this agreement that the National Surety Company shall take the place of The Empire State Surety Company as to all said unexpired bonds * * * in all respects with regard to all obligations therein and for loss thereunder on which no written notice of claim was received by any of the officers of the Empire State Surety Company * * * prior to four o'clock P. M. on August 22nd, 1912."

The plaintiff undoubtedly has the right to maintain this action, and this fact does not seem to be seriously questioned by the respondent, and it could not well be in view of the authorities bearing on that subject. (*Glen* v. *Hope Mut. Life Ins. Co.*, 56 N. Y. 379; *Fischer* v. *Hope Mut. Life Ins. Co.*, 69 id. 161; *Raymond* v. *Security Trust & Life Ins. Co.*, 111 App. Div. 191.)

The contention on the part of the respondent, and this seems to have been the view entertained by the court at Special Term, is that under the reinsurance agreement the National Surety Company agreed to satisfy only such obligations of the Empire State Surety Company as might arise from losses or defaults occurring after August 22, 1912, at four o'clock P. M.; that the loss in question occurred prior to that time, and, therefore, plaintiff was not entitled to recover. This view entirely overlooks other provisions of the agreement, in which the intention of the parties in entering into it is specifically set forth, which is, according to the provision of the agreement before quoted, that the National Surety Company takes the place of the Empire State Surety Company as to all unexpired bonds in all respects with regard to all obligations therein, or for loss thereunder on which no written notice of claim had been received by the company, or its officers, prior to four o'clock P. M. on August 22, 1912.

The complaint alleges, and this the demurrer admits, that no notice of claim, written or otherwise, under the bond in question was given to or received by any officer or agent of the Empire State Surety Company at any time prior to four o'clock P. M. August 22, 1912. Not only this, but it does not appear from the allegations of the complaint that any default had accrued at the time the reinsurance agreement was entered into. It is true that the decree fixing and determining the liability of Thomas M. Turner, as general guardian, charged him with upwards of $20,000 and interest thereon from May 10, 1909, but the fact that he was charged with interest from that time is not equivalent to a judicial determination that he did not then have in his hands the property to which his ward was entitled. It may well be that he had such property on hand and he was charged with interest because he did not, in the proper discharge of his duties as such guardian, see fit to invest it, or having invested it, appropriated the interest to his own use. The decree of the surrogate on the 31st of January, 1916, fixed and determined the amount of property which Thomas M. Turner, as general guardian, held at the time of his death, belonging to the infant. This amount the executors of his estate were directed to pay, and having failed to do so, under the terms of the bond, there was a default which the defendant, under its agreement, became obligated to pay.

The views thus expressed are sustained by *Escott* v. *National Surety Co.* (219 N. Y. 613). This decision, as I read the record, is directly in point and controlling on this appeal. It is proper to add that it had not been announced at the time the order here appealed from was made.

It follows that the order appealed from is reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to the defendant to withdraw its demurrer and interpose an answer on payment of the costs in this court and the court below.

Clarke, P. J., Scott, Page and Davis, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendant to withdraw demurrer and answer on payment of costs.