19585. UNION FIRE INSURANCE CO. OF PARIS, FRANCE, v. STONE.

STEPHENS, J. 1. A cancellation of a fire-insurance policy by the insurance company can not be effected without notice to the insured and a refund to him of the unearned premium which he has paid. *Hollingsworth v. Germania &c. Fire Ins. Co.*, 45 Ga. 294 (12 Am. R. 579).

2. Where a fire-insurance policy has been delivered by the insured to an agent of the insurance company for the purpose of having attached to it a "loss-payable•clause," and where, before the return of the policy to the insured, a loss occurs from destruction by fire of the property covered by the policy, and the company afterwards refuses a request by the insured to redeliver the policy to the insured, and where the insured is ignorant of the contents of the policy as respects a provision therein to the effect that a suit upon the policy must be instituted within a year after a loss has occurred, the conduct of the company in refusing to redeliver the policy to the insured, who is thereby kept in ignorance of the provision requiring a suit thereon within twelve months after loss, will operate to estop the company from relying upon this provision in a suit brought by the insured against the company more than twelve months after the loss and within twelve months after the insured became aware of the existence of this provision of the policy. Dougherty v. Metropolitan L. Ins. Co., 3 App. Div. (N. Y.) 313. Although the relative rights of the insured and the company under the policy are determinable by the contents of the policy, irrespective that one of the parties may be actually ignorant of its contents, the insured's ignorance of the contents will not necessarily operate to prevent him from invoking the doctrine of equitable estoppel against the enforcement by the company of a right which it may have under the policy. Where the necessity for an assertion by either party of a right under the policy does not arise until after the insured has parted with possession of the policy, the company, in equity and good conscience, can not afterwards, while wrongfully withholding the policy from the insured, assert a right which, under the terms of the policy, would not have accrued to it but for the conduct of the insured after he had parted with possession of the policy, and the accrual of which right to the company the insured, but for his ignorance of the contents of the policy, could have prevented.

3. Although a policy of fire-insurance contains a provision that the existence, at the time of the issuance of the policy, of a mortgage on the property covered by the policy voids the policy, notice to the company of the existence of a mortgage upon the property at the time of the issuance of the policy is shown by the placing by the company of a so-called "loss-payable clause" on the policy when delivered by the insured to the company for the purpose of having placed thereon a "loss-payable clause" as respects this mortgage. When the company accepts the policy for this purpose and agrees to attach the "loss-payable clause" to the policy, but fails to do so, and retains possession of the policy until after the loss occurs, the company is estopped from thereafter asserting any right which it may have under the policy to void the policy by reason of the existence of the mortgage upon the

property and the absence of a "loss-payable clause" on the policy. Corporation of the *Royal Exchange Assurance* v. *Franklin*, 158 *Ga.* 644 (124 S. E. 172, 38 A. L. R. 626).

4. The evidence authorized the inference that the company, through its authorized agent, had accepted the policy for the purpose of attaching thereto the "loss-payable clause" referred to, and that the attachment of this clause to the policy was agreed to by the company.

5. Since the uncontradicted evidence as respects the conduct of the insurance company, acting through and by a person who, the jury were authorized to find, was the authorized agent of the company, established an estoppel against the company to assert the invalidity of the policy by reason of the existence of the mortgage upon the property of the insured, it was not error, as against the company, for the court to omit from the charge any reference to the defendant's contention as to the invalidity of the policy by virtue of the existence of a mortgage upon the property insured.

6. The defendant having contended that the policy had been canceled prior to the loss, and that therefore there was no liability thereunder, it was unnecessary for the plaintiff to do a futile act in filing a proof of loss as required by the provisions of the policy. See, in this connection, Civil Code (1910), § 2490; *Central Manufacturers Mutual Ins. Co.* v. *Graham*, 24 *Ga. App.* 199 (3) (99 S. E. 434).

7. The evidence authorized the inference that the insured made a demand on the company for payment of the loss, after it had been sustained, more than sixty days prior to the filing of suit by the insured for recovery of the loss.

8. If the petition was subject to demurrer on the ground that it failed to allege that the plaintiff had any insurable interest in the property insured when it was destroyed by fire, this is an amendable defect, and since it appears from the evidence that the property belonged to the plaintiff and belonged to him at the time of its destruction by fire, any error in the judgment overruling the demurrer to the petition upon this ground was necessarily harmless to the defendant.

9. Applying the above rulings to this case, which is a suit by the insured to recover under the policy for a loss of the property covered by the policy, resulting from a fire, the petition as amended set out a cause of action and was good as against the general and special demurrers. The verdict found for the plaintiff, in an amount representing the value of the plaintiff's loss, within the amount of the policy, and for the statutory penalty for bad faith in refusing to pay the loss sustained, and for attorney's fees, was authorized. Civil Code (1910), § 2549. The court, fairly to the defendant, submitted to the jury the issues made by the pleadings and the evidence, and no error appears.

10. The court did not err in overruling the demurrers to the petition, and in thereafter overruling the defendant's motion for a new trial.

*Judgment affirmed.* *Jenkins, P. J., and Bell, J., concur.*

DECIDED JANUARY 29, 1930.

ADHERED TO ON REHEARING, MARCH 1, 1930.

*Smith, Hammond, Smith & Bloodworth, J. Glenn Stovall,* for plaintiff in error.

*Peebles & Bowden, J. R. Bowden, J. B. & T. R. Burnside,* contra.