80 N.J. Super. 599 (1963)
194 A.2d 497
ALBERT FREDERICKS, PLAINTIFF-APPELLANT,
v.
THE FARMERS RELIANCE INSURANCE COMPANY OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 7, 1963.
Decided October 22, 1963.
*600 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. Frank A. Paglianite argued the cause for appellant.
Mr. Thomas R. Farley argued the cause for respondent (Messrs. Farley & DeFilippo, attorneys).
The opinion of the court was delivered by CONFORD, S.J.A.D.
Plaintiff sued on a fire policy issued by the defendant for loss by smoke damage to his dwelling. The answer, among other things, set up as a defense the policy condition that action thereon be "commenced within twelve months next after the inception of the loss," the action here *601 having been instituted some 27 months after the loss. A motion for summary judgment on behalf of defendant was granted by the trial court on the express ground of the limitations clause of the policy.
Although plaintiff did not file a reply asserting the estoppel of the defendant to plead limitations, as proper practice called for, R.R. 4:8-3; 4:7-1, he did resist the motion for summary judgment on the basis of an affidavit and supporting argument before the court to the effect that defendant had, despite demand by him therefor, withheld from him the policy of insurance or a copy thereof, thereby preventing him from knowing of the limitation clause of the policy. The trial court, in effect, held the argument without merit on the ground that the limitation provision is made mandatory by the statutory form of fire policy, N.J.S.A. 17:36-5.20, as to which plaintiff was held chargeable with notice, and the circumstance that plaintiff could have provided himself with a copy of the standard form notwithstanding defendant's alleged refusal to furnish him with the policy he had purchased. Under the circumstances, we do not believe that plaintiff's procedural default in filing a reply should bar our determination of the appeal on the merits of the estoppel argument presented on the motion to the trial court, and raised on this appeal, as pleadings will be liberally amended to subserve a just decision of the controversy on its merits and the interests of substantial justice bespeak that course.
The affidavit plaintiff relied on below asserted that when he purchased the property in question from a prior owner he assumed the policy of fire insurance issued by defendant and then outstanding. At the closing of title he "requested a copy of said policy * * * from the sellers and from the Van den Heuvel and Fountain, Inc. Agency, agents of the defendant." He was informed, inferably by both the sellers and defendant's agent, that he "would receive a copy of said policy." However, defendant sent him only extended coverage indorsement agreements and never the full policy. He never knew of the limitation period specified in the policy.
*602 In January 1960 plaintiff sustained the loss here sued for and made claim thereon the same month, but the defendant denied liability. On January 27, 1960 he retained counsel, but upon the illness of that counsel at some unspecified later date he retained present counsel, presumably after expiration of the limitation period of the policy. There was no denial on the motion below by any affidavit on behalf of the defendant of plaintiff's sworn statement that defendant's agent promised at his request to furnish him a copy of the policy but failed so to do at any time. Although these facts may be contested at trial, they are of course controlling for purposes of determining the correctness of the grant of summary judgment in favor of defendant.
This case obviously does not fall within the familiar pattern of decisions holding a defendant estopped to plead a statute of limitations because of the effect of negotiations between the parties or other conduct by the defendant lulling the plaintiff into a belief that the claim will be settled or paid and causing him thereby to delay suit until after passage of the period of limitations. See Howard v. West Jersey, etc., R. Co., 102 N.J. Eq. 517 (Ch. 1928), affirmed o.b. 104 N.J. Eq. 201 (E. & A. 1929). And as to estopping conduct of defendant insurance companies in respect of limitations, generally, see 46 C.J.S. Insurance § 1264, p. 285 et seq. But the principle of estoppel is not confined to situations involving as strong a showing as that just indicated. As a matter of fairness and logic it should apply to a case where an insurance company invokes against its insured the defense of a limitations condition fixed by the policy to which the insured has not had the opportunity to be alerted because the company has unjustifiably withheld the policy from him. It was so held in Union Fire Ins. Co. of Paris, France v. Stone, 41 Ga. App. 49, 152 S.E. 146 (Ct. App. 1930). In that case the insured had returned a fire insurance policy to the agent of the insurer in order to have a "loss payable" clause attached to it. While the policy was in the possession of the company there was a loss by fire. The company refused a request by *603 the insured for return of the policy. The insured, ignorant of the 12-month limitation condition of the policy, brought suit thereon after expiration of that period. In affirming a judgment for the plaintiff, the court held the company estopped to invoke the defense of the policy condition. It said:
"Although the relative rights of the insured and the company, existing under the policy, are determinable by the contents of the policy, irrespective of the fact that one of the parties may be actually ignorant of the contents of the policy, the insured's ignorance of the contents of the policy will nevertheless not necessarily operate to prevent him from invoking against the company the doctrine of equitable estoppel against the enforcement by the company of a right which it may have under the policy. Where the necessity for an assertion by either party of a right under the policy does not arise until after the insured has parted with possession of the policy, the company, in equity and good conscience, cannot afterwards, while wrongfully withholding the policy from the insured, assert a right which, under the terms of the policy, would not have accrued to it but for the conduct of the insured after he had parted with the possession of the policy, and the accrual of which right to the company the insured, but for his ignorance of the contents of the policy, could have prevented." (152 S.E., at p. 147)
Although not stated in the opinion, Georgia law at the time of the foregoing decision required all fire policies to be in such form as prescribed by a state commissioner. L. 1912, pp. 119, 131; L. 1921, p. 208.
The Stone decision by the Georgia court seems to us correct in principle, and applicable here. The fact that the policy was never delivered to the plaintiff in the present case, or that the request for the policy in the Stone case was made after the loss, does not materially distinguish the respective situations. What is material in both is that the insured was ignorant of the policy limitation and could not know it by reading the policy, or even realize that a period of limitations of any nature was contained therein, because the document was being withheld from him by unjustified action of the company. Cf. Bauman v. Royal Indemnity Co., 36 N.J. 12 (1961).
*604 Of interest also is the recent case of Conte v. Yorkshire Insurance Co. of New York, 5 Misc.2d 670, 163 N.Y.S.2d 28 (Sup. Ct. 1957). As in New Jersey, the New York statute renders mandatory the use of a standard form fire policy containing a 12-month limitation provision. By printer's error, the provision for limitations was inadvertently omitted from the policy. The court held the company barred by estoppel from pleading the statutorily required 12-month limitations period. After pointing out that statutory standard policies were devised to protect insureds from "refinements and legalisms" devised by insurers, the court said:
"The insured has no duty or responsibility * * * speaking realistically * * * to know of such a limitation. If the company, as in the case at bar, fails to provide him with a proper policy, one which complies with the statute,, it should suffer the consequences of its neglect and not suddenly pull a trapdoor on the innocent insured who parted with the premiums." (163 N.Y.S.2d, at p. 30)
The foregoing decision is particularly relevant to the reasoning of the trial court in the present case that the insured was chargeable with notice of the statutory form limitation period to the same extent that a tort claimant is chargeable with knowledge of the two-year limitation period. We do not agree. A member of the public is chargeable with knowledge of any general statute of limitations, including the six-year contract period. But we think that the insured party under an insurance contract is entitled to look to his policy for notice of any shorter limitation period set forth therein as a condition of his right to recover thereon. The Legislature has not simply and unqualifiedly created a 12-months statute of limitations for claims on fire policies, as it has of six years for contracts generally. It has directed the inclusion of a 12-month limitation condition in the policy issued. The intent obviously is that the insured may be apprised of all his rights including that limitation upon them, by reading the policy. Any conduct properly invocable against the company's pleading the limitation condition, *605 under general estoppel principles, should therefore still bar it without regard to the fact that the limitation condition in a fire policy is dictated by statute.
We well realize that other facts possibly involved in this case may lead to an ultimate conclusion against the plaintiff. For example, it may eventuate that plaintiff's original attorney, when attempting to negotiate the loss claim with defendant's representatives, knew or should have known of the terms of the policy, and that such knowledge may be imputable to plaintiff. (Correspondence with the attorney is improperly set forth in defendant's appendix since not contained in the affidavits submitted on the motion.) We express no present opinion on the matter, as the pertinent facts were not adequately developed in the affidavits submitted on the motion, and the ultimate conclusion in terms of estoppel vel non may in any case turn out to be more appropriately factual than legal in nature. It may also be that plaintiff's failure to renew his demand for the policy after the original request at the title closing may militate against the equity of estopping the company from pleading the limitations provision of the policy. But such considerations are factual, and findings thereon should be left for the trial. It is sufficient for present purposes to say that on the restricted factual context manifested by the affidavits and argument before the trial court, it should not have decided that the plaintiff was precluded as a matter of law from urging estoppel against the plea of the policy condition of limitations, and consequently entered summary judgment for defendant.
Plaintiff should at once file a reply setting forth his claim of estoppel.
Reversed; no costs.