490 P.2d 959

**HOMESTEAD INVESTMENTS, INC.,**
Plaintiff-Appellee,

v.

**FOUNDATION RESERVE INSURANCE COMPANY, Inc., Defendant-Appellant,**

First National Bank in Albuquerque, Intervenor-Appellee.

No. 9259.

Supreme Court of New Mexico.

Nov. 15, 1971.

Ussery, Burciaga & Parrish, Albuquerque, for defendant-appellant.

N. Tito Quintana, Albuquerque, for plaintiff-appellee.

## OPINION

MONTOYA, Justice.

Plaintiff-appellee Homestead Investments, Inc., hereinafter referred to as "plaintiff," brought this action in the District Court of Bernalillo County, New Mexico, seeking recovery for a fire loss from defendant-appellant Foundation Reserve Insurance Company, Inc., hereinafter referred to as "defendant." By stipulation of all parties, the First National Bank in Albuquerque, hereinafter referred to as "Bank," was granted a right to a certain portion of any proceeds recovered by plaintiff by reason of the Bank's mortgage on the property in question. Following separate trials to the court on the issues of liability and damages, the court found defendant liable on the policy of insurance and awarded damages to plaintiff. Defendant appeals from both decisions.

Plaintiff, owner of land and improvements at 511 Broadway S.E., Albuquerque, New Mexico, entered into a contract of fire insurance with defendant covering the premises. The contract of insurance in this case was a standard form fire insurance policy which, under New Mexico law, must contain provisions (1) requiring the insured to render a formal proof of loss within sixty days after the loss; and (2) stating that "[n]o suit or action on this policy for the recovery of any claim shall be sustainable in any court * * * unless commenced within twelve [12] months

next after inception of the loss." See § 58–8–10, N.M.S.A., 1953 Comp. (Repl. 1962).

On October 23, 1967, while the aforesaid policy was in full force and effect, the building on the land was destroyed by fire. Defendant was given oral notice of the loss through its agent, who contacted an insurance adjuster to investigate the claim.

The evidence shows that, upon issuing the contract of insurance, the defendant sent the insurance policy to the Bank, the holder of the mortgage on the premises in question. The defendant also furnished to the plaintiff an eight page document designated as "Standard Fire Insurance Policy, Memorandum of Insurance." This document contained various endorsements and appears to set forth all the essential terms of the contract, but did not contain the printed page which refers to proof of loss, or the twelve-month limitation for the commencement of suit under the policy.

The trial court found that at no time did defendant deny liability under the policy, nor did defendant tender or offer to refund to plaintiff the amount of unearned premiums under the policy. During the time that negotiations between plaintiff and defendant were pending, the limitation period ran and the action by plaintiff on the policy was filed after the expiration of the twelve-month limitation period. The trial court further found that the policy furnished to plaintiff did not contain any provision requiring notice and proof of loss, or the limitation that any action on the policy be filed within twelve months following the loss, whereas the evidence shows that the copy of the policy delivered to the Bank did contain those provisions. The trial court then concluded, as a matter of law, that defendant was estopped from asserting the limitation requiring written notice of loss and proof of loss, or the twelve-month limitation period, and that, therefore, defendant was liable under the policy.

On the issue of damages, the court heard evidence and decided that there was sub-

stantial evidence to support a finding that the fire loss was $16,500.

On the issue of liability, defendant contends that it is not liable by reason of the failure by plaintiff to submit written proof of loss and by its failure to file an action within the twelve-month period following the date of loss.

Defendant argues that, because the mortgage contract between plaintiff and the Bank provided for delivery of the policy to the Bank, the Bank became plaintiff's agent and, therefore, plaintiff was chargeable with knowledge of the provisions in the copy received by the Bank.

■ While it does seem that the Bank, as mortgagee of the property, did have a right to possession of the policy, we do not believe that plaintiff should be bound by the copy delivered to the Bank. Nothing in the record indicates an express or implied intention that the Bank should act as agent for plaintiff. Therefore, delivery to the Bank could not constitute constructive delivery to plaintiff. 1 Couch on Insurance 2d, § 10:16 at 436 (1968); Wittliff v. Tucker, 208 S.W. 751 (Tex.Civ.App.1919).

The memorandum of insurance delivered to plaintiff did not include the page containing the provisions requiring written proof of loss and that any suit be commenced within twelve months following a loss. The fact that the Bank received a complete copy of the policy does not provide plaintiff with notice of provisions not included in their copy.

Defendant argues that even if the copy of the policy received by plaintiff did not include the provisions requiring suit to be filed within twelve months, nevertheless, plaintiff could not prevail. Defendant contends that § 58–8–10, supra, which prescribes terms for the standard fire insurance policy in New Mexico, requires that suits on claims be commenced within twelve months following the loss, and that failure to do so precludes recovery.

In Conte v. Yorkshire Insurance Company of New York, 5 Misc.2d 670, 163 N.Y. S.2d 28 (Sup.Ct.1957), the court faced a

situation very much like our own. In that case, the insured brought an action against the insurer on a fire insurance policy after the twelve-month limitation period as prescribed by statute. Through a printer's error, the limitation was omitted in the copy received by the insured. The court said, 5 Misc.2d at 672, 163 N.Y.S.2d at 30:

"* * * [T]he statute makes it incumbent upon the company to deliver to the policyholder a printed form of fire insurance which embodies the standard provisions stipulated in the statute, including the proviso limiting the commencement of an action to a twelve-month period. * * * The insured has no duty or responsibility in this respect, and speaking realistically, has no reason to know of such a limitation. If the company, as in the case at bar, fails to provide him with a proper policy, one which complies with the statute, it should suffer the consequences of its neglect and not suddenly pull a trapdoor on the innocent insured who parted with the premiums."

The court held that the insurer would be equitably estopped from asserting the twelve-month limitation period to bar plaintiff's recovery.

Also, in Fredericks v. Farmers Reliance Insurance Company of New Jersey, 80 N.J.S. 599, 194 A.2d 497 (1963), the New Jersey court held that an insurer was equitably estopped from asserting the twelve-month limitation period prescribed by statute, because it had prevented the insured from knowing of the limitation by withholding a copy of the policy. In so holding, the court stated, 80 N.J.Super. at 604, 194 A.2d at 500:

"* * * A member of the public is chargeable with knowledge of any general statute of limitations, including the six-year contract period. But we think that the insured party under an insurance contract is entitled to look to his policy for notice of any shorter limitation period set forth therein as a condition of his right to recover thereon. The Legislature has not simply and unqualifiedly created a 12-month statute of limitations for claims on fire policies, as it has of six years for contracts generally. It has directed the *inclusion* of a 12-month limitation condition *in the policy issued*. The intent obviously is that the insured may be apprised of all his rights, including that limitation upon them, by reading the policy. Any conduct properly invocable against the company's pleading the limitation condition, under general estoppel principles, should therefore still bar it without regard to the fact that the limitation condition in a fire policy is dictated by statute."

See also, Godwin v. Continental Insurance Company, 436 F.2d 712 (3d Cir. 1971), and Union Fire Ins. Co. of Paris, France v. Stone, 41 Ga.App. 49, 152 S.E. 146 (Ct. App.Ga.1930).

In a case decided in California, Elliano v. Assurance Co. of America, 3 Cal.App.3d 446, 83 Cal.Rptr. 509 (Cal.App.1970), that court considered the effect of the insured being furnished a "memorandum of insurance" instead of the policy which, as in the instant case, was virtually identical except for the omission from the memorandum of the page containing the twelve-month limitation period. In deciding the question, the California court stated, 3 Cal.App.3d at 452, 83 Cal.Rptr. at 513:

"However, it is to be noted that the memorandum contains no statement designed to give notice that it does not contain all of the material provisions of the contract. In view of its content and arrangement, this memorandum presented the appearance of a duplicate of the policy. Its evident purpose was to inform the insured of the material terms of the contract and the extent of its coverage. In these circumstances we hold that the parties to this action stand in essentially the same position as if respondent had delivered to appellant ei-

ther an original or an exact copy of a policy which omitted the limitation provision here in question."

█ This court is in accord with the foregoing decisions in holding that the insured should be able to rely upon the provisions of his policy or memorandum of insurance to inform him of all his rights and duties under his insurance contract. The trial court found that the policy delivered by defendant to plaintiff did not include the provisions requiring written proof of loss, and that any action on the policy be commenced within twelve months following the loss.

We hold that because of defendant's failure to include provisions required by § 58-8-10, supra, relating to written proof of loss and the twelve-month limitation period in which to bring suit, it cannot now rely upon the terms of the statute to preclude plaintiff's recovery. The trial court was correct when it held that the defendant was estopped from asserting the policy limitations.

Defendant also contends that the trial court erred in refusing to grant its motion for summary judgment. The record in the case shows no ruling by the court on this motion. There is also no indication in the record that the ruling of the trial court was invoked. It is clear that the trial court determined there were factual issues present and proceeded to hear testimony on those issues. The trial court was correct in so doing. See, Godwin v. Continental Insurance Company, supra.

On the issue of damages, there is ample support in the record to sustain the trial court's assessment of damages in the amount of $16,500. Therefore, defendant's contention, that the trial court erred in awarding damages not proximately caused by the fire, is without merit.

The decision of the trial court is affirmed.

It is so ordered.

OMAN and STEPHENSON, JJ., concur.