(619 P.2d 160)
No. 50,938

BEVERLY HOWARD, *Appellant,* v. FARMERS INSURANCE COMPANY, INC., *Appellee.*

Petition for review denied January 23, 1981.

Opinion filed November 14, 1980.

*Jerry R. Palmer,* of Stumbo, Stumbo, Palmer, McCallister & Buening, of Topeka, for appellant.

*J. H. Eschmann,* of Ascough, Bausch, Eschmann, of Topeka, for appellee.

Before FOTH, C.J., SWINEHART and MEYER, JJ.

MEYER, J.: This case involves a dispute over subrogation rights to personal injury protection (PIP) benefits. It was submitted to the court for summary judgment on the following uncontroverted facts.

On January 18, 1973, the Farmers Insurance Company, Inc. (appellee) issued its policy to Jerry Howard, the appellant's husband. The policy contained PIP benefits. It was last reissued on July 18, 1977, extending coverage to January 18, 1978.

On August 22, 1977, the named insured, appellant's husband, died as a result of injuries sustained in an automobile collision.

Appellee paid $2,960.00 in PIP funeral and survivor benefits. Later a settlement was concluded with a third-party tortfeasor for $50,000.00. Appellee asserted its lien interest in the $2,960.00. The third-party's insurance carrier issued one draft to appellant and her attorney for $47,040.00, and a second draft to appellant, her attorney, and appellee for $2,960.00. This check was endorsed to appellee in December, 1977, and sent with a letter expressing objection to payment. The present lawsuit was filed to contest appellee's right to indemnity.

Prior to July 1, 1977, the law provided that a PIP insurer was not entitled to indemnity rights in survivor or funeral benefits. The insurance policy provided:

"No recovery of damages by an injured person or his estate shall be subtracted by an insurer in calculating benefits due after such person's death resulting from an injury for which the benefits were payable, and no recovery under K.S.A. 1973 Supp. 60-1903 shall be subtracted in calculating funeral benefits."

The policy, however, also contained a section which stated:

"Terms of Policy Conformed to Statute: Terms of this policy which are in conflict with the provisions of the Kansas Automobile Injury Reparations Act are hereby amended to conform to such law."

K.S.A. 40-3113 was amended in 1977 to provide the PIP insurer with subrogation rights to recoveries from third-party tortfeasors for survivor or funeral benefits paid, said amendments to be effective July 1, 1977.

The insurance policy was not formally amended by endorsement to conform with the changed law until after January 1978 when the Commissioner of Insurance approved it and resubmitted it to appellee.

The trial court sustained summary judgment for appellee on the basis that K.S.A. 40-3113 was unambiguous and that the terms of the policy conflicted with the statute. The court, therefore, incorporated the changes made in the statute of July 1, 1977, and ruled that the insurance company had subrogation rights to the survivor benefits. Appellant appeals from this decision.

The predecessor statute under which the insurance policy clause denying reimbursement rights for survivor benefits as originally written was K.S.A. 1974 Supp. 40-3113(a). Said statute provided:

"An insurer's or self-insurer's rights of reimbursement and indemnity shall be as follows:

"(a) No subtraction from personal injury protection benefits shall be made because of the value of a claim in tort based on the same bodily injury, but after recovery of damages by judgment, settlement or otherwise is realized upon any such tort claim, a subtraction shall be made to the extent of the recovery, less reasonable attorney's fees and other reasonable expenses incurred in effecting the recovery, but only to the extent that the injured person has recovered damages from the tortfeasor or his insurer or insurers, which are duplicative of personal injury protection benefits payable. If personal injury protection benefits have already been received, the claimant shall repay to the insurer or insurers out of any such recovery a sum equal to the benefits received, but no more than the recovery, exclusive of reasonable attorneys' fees and other reasonable expenses incurred in effecting the recovery, but only to the extent that the injured person has recovered said damages from the tortfeasor or his insurer or insurers which are duplicative of personal injury protection benefits received. The injured person's insurer or insurers shall have a lien on such recovery to this extent. No recovery of damages by an injured person or his estate shall be subtracted by an insurer in calculating benefits due after such person's death resulting from an injury for which the benefits were payable, and no recovery under K.S.A. 1973 Supp. 60-1903 shall be subtracted in calculating funeral benefits."

In *Farm & City Ins. Co. v. American Standard Ins. Co.,* 220 Kan. 325, 552 P.2d 1363 (1976), the Kansas Supreme Court interpreted this statute to mean that the reimbursement section did not apply to survivors' benefits and that the PIP carrier had no right to reimbursement for them. The court's opinion was based upon several elements. The first was that the reimbursement section spoke of reimbursement for the recovery of damages by the injured person, not by the survivors. The second was that subsection (*a*) specifically provided that " 'no recovery under K.S.A. 1973 Supp. 60-1903 (wrongful death statute) shall be subtracted in calculating funeral benefits.' " The third was that the elements of damage that could be recovered in a wrongful death action included non-pecuniary loss "such as mental anguish, loss of companionship, loss of marital and filial care and other such items." 220 Kan. at 338-40.

The new statute, K.S.A. 1979 Supp. 40-3113a, which became effective July 1, 1977, provides:

"(a) When the injury for which personal injury protection benefits are payable under this act [is] caused under circumstances creating a legal liability against a tortfeasor pursuant to K.S.A. 1977 Supp. 40-3117, the injured person, his or her dependents or personal representatives shall have the right to pursue his, her or their remedy by proper action in a court of competent jurisdiction against such tortfeasor.

"(b) In the event of recovery from such tortfeasor by the injured person, his or her dependents or personal representatives by judgment, settlement or otherwise,

the insurer or self-insurer shall be subrogated to the extent of duplicative personal injury protection benefits provided to date of such recovery and shall have a lien therefor against such recovery and the insurer or self-insurer may intervene in any action to protect and enforce such lien. Whenever any judgment in any such action, settlement or recovery otherwise shall be recovered by the injured person, his or her dependents or personal representatives prior to the completion of personal injury protection benefits, the amount of such judgment, settlement or recovery otherwise actually paid and recovered which is in excess of the amount of personal injury protection benefits paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of said personal injury protection benefits.

"(c) In the event an injured person, his or her dependents or personal representative fails to commence an action against such tortfeasor within eighteen (18) months after the date of the accident resulting in the injury, such failure shall operate as an assignment to the insurer or self-insurer of any cause of action in tort which the injured person, the dependents of such person or personal representatives of such person may have against such tortfeasor for the purpose and to the extent of recovery of damages which are duplicative of personal injury protection benefits. Such insurer or self-insurer may enforce same in his or her own name or in the name of the injured person, representative or dependents of the injured person for their benefit as their interest may appear by proper action in any court of competent jurisdiction.

"(d) In the event of a recovery pursuant to K.S.A. 60-258a, the insurer or self-insurer's right of subrogation shall be reduced by the percentage of negligence attributable to the injured person.

"(e) Pursuant to this section, the court shall fix attorney fees which shall be paid proportionately by the insurer or self-insurer and the injured person, his or her dependents or personal representatives in the amounts determined by the court."

It is noted that the new statute alters each of the elements relied upon by *Farm & City* and establishes the PIP carrier's reimbursement right for its payment of survivors' benefits. Instead of limiting reimbursement rights to recoveries by "injured persons," the new statute allows "recovery . . . by the injured person, his or her dependents or personal representatives . . . ." The last sentence of former K.S.A. 40-3113(*a*) dealing with funeral benefits has been deleted completely.

Finally, the presumption that pecuniary loss is included in any recovery from the tortfeasor was established in *Easom v. Farmers Insurance Co.,* 221 Kan. 415, 560 P.2d 117 (1977).

Thus, we conclude that the survivors' recovery is plainly provided for in the new subrogation section of the statute.

The issue herein is whether the contractual provision which excluded no-fault benefits from reimbursement or subtraction from a third-party claim controls, or whether the policy incorporated into its terms K.S.A. 1979 Supp. 40-3113a which permitted subrogation to the insurance company.

Initially we should address the question as to which law applies. The policy was reissued, the accident occurred, the PIP payment was made and the claim with the third-party tortfeasor was settled all after the new statute became effective July 1, 1977. Thus, any substantive rights in this case accrued after the effective date of the statute and K.S.A. 1979 Supp. 40-3113a applies. See *Nitchals v. Williams,* 225 Kan. 285, 590 P.2d 582 (1979); and *Farmers Ins. Co. v. Farm Bureau Mut. Ins. Co.,* 227 Kan. 533, 608 P.2d 923 (1980), for a discussion of the application of the new statute to PIP reimbursement rights.

Appellant does not dispute this. Rather, appellant claims that by having a provision which was contrary to the statute, the appellee effectively waived its rights under the statute. Appellant argues that "an insurer can write a policy which confers greater benefits on its insured than the statute provides, but, the insurer must offer at least that which the law requires, or the Courts will read in the greater benefits required by the statute even if the insurer should omit the coverage."

In Kansas, statutes generally will be read into a policy and will control when the policy conflicts with the statute.

" 'The rule is well established in Kansas that where a policy of insurance is issued to an insured in compliance with the requirements of a statute, the pertinent provisions of the statute must be read into the policy, and no provisions of the policy in contravention of the statute can be given effect. (*Dunn v. Jones,* 143 Kan. 218, 53 P.2d 918, opinion denying rehearing 143 Kan. 771, 57 P.2d 16; *Millers Nat'l Ins. Co. v. Bunds,* 158 Kan. 662, 149 P.2d 350; *Cuddy v. Tyrrell,* 171 Kan. 232, 237, 232 P.2d 607; and *Sterling v. Hartenstein,* 185 Kan. 50, 341 P.2d 90, and cases accumulated at page 54.)' *Canal Insurance Co. v. Sinclair,* 208 Kan. 753, 758, 494 P.2d 1197 (1972)." *American Fidelity Ins. Co. v. Employers Mut. Cas. Co.,* 3 Kan. App. 2d 245, 247, 593 P.2d 14 (1979).

See also *Mott, Executor v. Mitchell,* 209 Kan. 476, 496 P.2d 1297 (1972); *Goff v. Aetna Life and Casualty Company, Inc.,* 1 Kan. App. 2d 171, 563 P.2d 1073 (1977).

Appellee argues that the above rule is controlling in this case. It argues that the new statute must be read into the policy granting subrogation rights for survivor benefits and the policy provision denying such rights is in contravention of the statute and should be given no effect.

Appellant argues that this line of cases may be distinguished on the basis that, in all of those cases, the statute which was read into

the policy conferred benefits on the insured rather than on the insurer.

This distinction was recognized in *Chandler v. Insurance Co.,* 180 Mo. App. 394, 398-99, 167 S.W. 1162 (1914), where the court stated:

"It is true that, where the statute makes a provision for the benefit of the insured, the parties to the insurance contract cannot contract away that right, since that would enable the insurer, by properly drafting its policy, to nullify the statute. But the proviso in question was enacted for the benefit of the company which it can insist upon or waive as it chooses. . . . When . . . the insured and defendant entered into this contract, the statute wrote itself into and formed a part of the contract, and the cause of action is not strictly created by the statute, but by the contract containing the statute as one of its provisions. No law or rule of public policy requires the company to be protected to the extent that it cannot waive a requirement imposed on the insured as to the time in which notice is to be given. A statutory right or benefit given for its protection can be waived the same as any other right."

In that case no notice of claim nor proof of death was furnished within 90 days as required by statute. While the court recognized that there could be a waiver of such statutory rights, it held that since the acts relied upon to constitute waiver occurred after the time for giving proof had passed, and did not cause plaintiffs to change their position whereby any elements of estoppel were called into existence, there was no waiver shown, nor evidence from which one could be inferred.

There is also a line of cases which has held that where a statutory provision which limits the institution of an action against an insurer to a twelve-month period after an accident was omitted from a policy due to a printer's error, the insurer was estopped from relying on the short statute of limitations which was applicable generally to standard fire policies issued in the state. The lead case was *Conte v. Yorkshire Ins. Co.,* 5 Misc. 2d 670, 163 N.Y.S.2d 28 (1957). Accord *Becker-Fineman Camps, Inc. v. Public Service Mut. Ins. Co.,* 52 App. Div. 2d 656, 382 N.Y.S.2d 122 (1976); *Homestead Invest., Inc. v. Foundation Reserve Ins. Co.,* 83 N.M. 242, 490 P.2d 959 (1971); *Fredericks v. Farmers Rel. Ins. Co. of N.J.,* 80 N.J. Super. 599, 194 A.2d 497 (1963).

The rationale for this result was as follows:

"The history of statutory insurance clearly indicates that standard policies were made obligatory upon insurance companies to protect ingenuous insureds against the refinements and legalisms devised by the companies. Whenever the Legislature stepped into this area its purpose was to afford the insured more protection

and less obfuscation [Citation omitted]. We are on firm ground then when we say that primarily, standard policies are for the safeguarding of policy holders."

"Of course, if for any reason at all, apparent or ulterior, an insurer chooses to waive benefits conferred by the statutes providing for uniform policies, this may be done." *Conte,* 5 Misc. 2d at 671.

Further,

"[I]f by its conduct a company may waive any advantage accruing to it from a short Statute of Limitations, then it may also be estopped from relying on it when it fails to include in the policy a specific provision limiting the time of the insured for the commencement of an action . . . ." 5 Misc. 2d at 672.

While recognizing the omission from the policy was a good faith error, the court noted:

"[I]f the short statute were to apply to every policy, even when as here it was not included in the policy, some companies might lapse into lax habits and omit the provision in the vague expectation that insured persons who had suffered losses would not consult counsel in time to initiate an action." 5 Misc. 2d at 672.

This line of cases is an example of a statute not being read into a policy because the statute conferred a benefit on the insurance company, rather than the insured.

As was stated in 44 C.J.S., Insurance § 302, pp. 1219-20:

"The parties to the insurance contract cannot waive an applicable statutory provision, that is, a statutory provision for the benefit of insured cannot be contracted away, but it is held that a provision for the benefit of the company may be insisted on or waived by it as it chooses."

The question remains whether the provision in the insurance policy which states that there are no reimbursement rights for survivor or funeral benefits is a waiver of the right granted by statute, or if such provision estops the insurance company from asserting said subrogation rights.

"Technically, a distinction exists between 'waiver' and 'estoppel.' Waiver is ordinarily the intentional relinquishment of a known right and is a voluntary act. It is the expression of an intention not to insist upon what the law affords. While it is consensual in nature, the intention may be inferred from conduct, and the knowledge may be actual or constructive, but both knowledge and intent are essential elements. Estoppel, on the other hand, is not consensual in character. It is recognized, not to give effect to a presumed intention, but to defeat the inequitable intent of the party estopped. It is the misleading of a party entitled to rely on the acts or statements in question, and a consequent change of position to his detriment. [Citations omitted.]" *Flott v. Wenger Mixer Manufacturing Co.,* 189 Kan. 80, 90, 367 P.2d 44 (1961).

Kansas, instead of requiring that any provisions stipulated in

the statute shall be contained in the policy, passed K.S.A. 1979 Supp. 40-3107, which sets out the required contents of the policy and provides in subsection (g):

"Notwithstanding any omitted or inconsistent language, any contract of insurance which an insurer represents as or which purports to be a motor vehicle liability insurance policy meeting the requirements of this act shall be construed to obligate *the insurer* to meet all the mandatory requirements and obligations of this act." (Emphasis added.)

K.S.A. 1979 Supp. 40-3120 provides:

"Nothing in this act shall be construed as prohibiting or discouraging reasonable competition or the availability of motor vehicle liability insurance policies containing coverage exceeding that required to comply with section 18 [40-3118] of this act."

Thus, competition among insurance policies is encouraged by statute and the statute should not prevent companies from providing more coverage than that required by statute.

We conclude there is definite ambiguity in the insurance contract in the instant case. The policy states both (1) that no recovery will be had of the insured, and (2) that the statute [which permits recovery] shall govern the terms. Because the insurer was the preparer of the policy, any ambiguity should be resolved in favor of the insured.

"Since an insurer prepares its own contracts, it has a duty to make the meaning clear, and if it fails to do so, the insurer and not the insured must suffer. Thus, if the terms of an insurance policy are ambiguous or susceptible of more than one meaning, the meaning most favorable to the insured must prevail. [Citations omitted.] *Fancher v. Carson-Campbell, Inc.,* 216 Kan. 141, 145-46, 530 P.2d 1225 (1975).

Also, in *Brown v. Combined Ins. Co. of America,* 226 Kan. 223, 232, 597 P.2d 1080 (1979), the court said:

"[A] contract of insurance is to be strictly construed against the insurance company which prepared it and in favor of the insured."

When thus construed, the policy of insurance obligated the insurer to comply with the interpretation of the policy most favorable to its insured, since nothing precludes the insurer from granting terms more favorable to the insured than that required by statute.

It follows that appellant is entitled to payment of the $2,960.00, plus interest thereon at 18 percent from the date appellee received this sum in December of 1977. Appellant is also entitled to

judgment for $650.00 per month for one year from the date of the insured's death, plus interest at 18 percent thereon from date each such payment was due until paid. We note the sum of $1,950.00 which represents $650.00 per month for three months was included in the $2,960.00 payment above, and, therefore, $650.00 per month is only required for the remaining nine months. Appellant's prayer for attorney fees is denied.

Reversed and remanded to the trial court with instructions to enter judgment in accordance with the views expressed herein.