943 A.2d 917

AGOSTINHO MATOS, ANA ROSA MATOS AND PAULO MATOS,
PLAINTIFFS–APPELLANTS v. FARMERS MUTUAL FIRE IN-
SURANCE COMPANY OF SALEM COUNTY, DEFENDANT–RE-
SPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted December 4, 2007—Decided March 31, 2008.

Before Judges SKILLMAN, WINKELSTEIN and YANNOTTI.

*Frank D. Angelastro,* attorney for appellants.

*Methfessel & Werbel,* attorneys for respondent (*Benjamin R. Messing,* of counsel and on the brief).

The opinion of the court was delivered by

SKILLMAN, P.J.A.D.

The issue presented by this appeal is whether an insured under a standard homeowners policy may be relieved of the one-year limitations period for filing suit provided in the policy if the endorsement reflecting this limitation was omitted from the copy of the policy sent to the insured. We conclude that an insured is bound by the one-year limitations period if he knew or should have known of this term of the policy even though he received notice of the limitation by means other than the policy itself.

Defendant Farmers Mutual Fire Insurance Company of Salem County (Farmers Mutual) issued a homeowners policy to plaintiffs insuring their summer home in Toms River. On December 10, 2004, water escaped from a broken pipe in a crawl space, causing damage to the home. That same day, plaintiffs submitted a claim to Farmers Mutual, which included a claim for alleged water damage to their patio.

The insurance adjuster assigned to plaintiffs' claim, Cervini Adjustment (Cervini), employed engineer David Yelner to examine

the patio. Yelner found that the patio damage was caused by normal wear and tear and "improper compaction of the backfill that the pavers were laid upon," and not by water flowing out of the crawl space.

After receiving this report, Cervini sent a letter, dated May 6, 2005, notifying plaintiffs that their claim for damage to their patio was denied, but that Farmers Mutual would issue a check for $3,451.17, which covered water damage to their furnace and other emergency services, less a $500 deductible. The letter also stated:

> Pursuant to *N.J.S.A.* 17:29E–9, [Farmers Mutual] has an internal appeal process and a panel that will review the claim. If you want to take advantage of the internal review panel, you can call Kent Jones at [number].
>
> . . . .
>
> *If you disagree with our determination, please be advised that pursuant with N.J.A.C. 11:2–17, litigation must be instituted within 12 months of the date of this letter.*

[Emphasis added.]

In response to a request from plaintiffs' counsel, Farmers Mutual sent a letter to plaintiffs, dated July 1, 2005, enclosing the appeal request form and stating in part:

> Pursuant to *N.J.S.A.* 17:29E–9, [Farmers Mutual] has established an Internal Appeals process which gives you the opportunity to have your disputed claim reviewed by insurance professionals. This panel will review your claim focusing on your concerns and advise you of its decision within 10 working days.
>
> Should you wish to appeal your claim the enclosed Appeal Request Form must be completed and returned to begin the appeal process. Please respond at your earliest convenience. *We must point out that your request for appeal does not waive any of the terms, provisions or conditions under the policy, including but not limited to the time limit for filing suit in this matter.*

[Emphasis added.]

On July 8, 2005, plaintiffs' counsel sent a letter to Farmers Mutual, which stated that plaintiffs were appealing the decision set forth in Cervini's May 6, 2005 letter and requested a copy of Yelner's engineering report. The letter also stated that plaintiffs were in the process of obtaining their own engineering report, which they would forward to Farmers Mutual upon receipt.

In response, Farmers Mutual sent a letter to plaintiffs' counsel, dated August 1, 2005, which stated:

Enclosed please find a copy of our expert report dated March 21, 2005 from David Yelner, P.E. per your request on July 8, 2005.

I acknowledge the fact that you represent the above and the insureds are appealing the decision made on this claim.

Neither plaintiffs nor their counsel submitted the engineering report referred to in their July 8, 2005 letter. Plaintiffs also failed to submit any other documentation to support an internal appeal of Farmers Mutual's denial of the claim for damage to their patio.

On October 1, 2005, defendant placed a memorandum in plaintiffs' claims file, which stated:

An in-house claim review was requested by the insureds and their attorney. The preliminary forms were mailed to them on July 1, 2005. Their attorney requested a copy of our expert report. This was sent under cover letter from Kent Jones on August 1, 2005. We have not heard since from either the insureds or the attorney. We are closing our in-house claim request as of October 1, 2005.

On October 4, 2006, more than fourteen months after plaintiffs' last communication with Farmers Mutual and five months after expiration of the twelve-month period for filing suit referenced in Farmers Mutual's May 6, 2005 letter, plaintiffs filed this action alleging that Farmers Mutual had improperly denied the claim for damage to their patio.

Farmers Mutual moved to dismiss the complaint on the ground that it was not filed within the twelve-month limitation period provided under plaintiffs' insurance policy. In opposition to the motion, plaintiffs submitted a certification by plaintiff Agostinho Matos, which alleged:

Farmer's Mutual relies on an endorsement [to its policy] that limits our right to sue for one year from the denial of the claim. However, the policy that was sent to us by Farmers Mutual did not include that policy provision.

The trial court rejected plaintiffs' argument that this certification created a material issue of fact as to whether the one-year limitations period was part of plaintiffs' homeowners policy. The court stated that even if Matos did not receive a copy of the endorsement reflecting the limitations period, "there's no question that he was notified a year in advance about the one year statute of limitations via the [May 6, 2005] correspondence from [Farmers Mutual]." The court also rejected plaintiffs' argument that the

July 8, 2005 letter from their attorney constituted an internal appeal of Farmers Mutual's denial of the claim for damage to their patio, which Farmers Mutual never decided. Accordingly, the court granted Farmers Mutual's motion to dismiss plaintiffs' complaint as untimely.

On appeal, plaintiffs argue that the trial court erred in dismissing their complaint as untimely because Farmers Mutual failed to send them the part of the insurance policy that contained the provision requiring suit to be filed within twelve months of denial of a claim. Plaintiffs also argue, in the alternative, that if the twelve-month time limit applied to their claim, the running of that period was tolled by their invocation of the Farmers Mutual internal appeal process. We reject both arguments and affirm the dismissal of plaintiffs' complaint as untimely.

I

*N.J.S.A.* 17:36–5.20 sets forth standard provisions that every fire insurance policy must contain. One such provision is that: "No suit or action in this policy for the recovery of any claim shall be sustainable in any court of law or equity . . . unless commenced within twelve months next after inception of the loss." In *Peloso v. Hartford Fire Insurance Company,* 56 *N.J.* 514, 521, 267 *A.*2d 498 (1970), the Court construed the phrase "inception of the loss" in *N.J.S.A.* 17:36–5.20 "to allow the period of limitation to run from the date of the casualty but to toll it from the time an insured gives notice until liability is formally declined." Thus, if an insured gives notice of a loss at the time of the occurrence, as plaintiffs did in this case, the insured has twelve months from the denial of the claim within which to file suit.

The homeowners policy that Farmers Mutual issued to plaintiffs insured them against loss from fire as well as various other risks including water damage for certain specified costs. The policy included a page entitled, "Mandatory Endorsement—New Jersey," also designated by the Farmers Mutual code "MPL95." In

conformity with *N.J.S.A.* 17:36–5.20 as construed in *Peloso,* one section of this endorsement states:

> No action may be brought against *us* ... unless brought within 12 months after *our* denial of either the entire claim or that part of the claim in dispute (where *we* pay part of the claim, but deny payment on the remaining part).

Farmers Mutual denied plaintiffs' claim for the alleged water damage to their patio by letter dated May 6, 2005. However, plaintiffs did not file this action until October 4, 2006, which was five months after expiration of the twelve-month period for bringing suit allowed under the MPL95 endorsement to the Farmers Mutual policy.

Plaintiffs claim that this endorsement was not binding upon them because it was not included with the copy of the policy Farmers Mutual sent to them. Plaintiffs argue that plaintiff Agostinho Matos's certification alleging that this endorsement was not received gave rise to a material issue of fact that required the trial court to conduct an evidentiary hearing. We reject this argument because even if the MPL95 endorsement was omitted from the copy of the policy sent to plaintiffs, the May 6, 2005 letter denying plaintiffs' claim for the alleged water damage to their patio provided adequate alternative notification of the twelve-month period for filing suit to contest the denial of their claim.

In support of their argument that they are not bound by the one-year limitation period because Farmers Mutual allegedly failed to include the MPL95 endorsement with their copy of the policy, plaintiffs rely upon *Fredericks v. Farmers Reliance Insurance Company of New Jersey,* 80 *N.J.Super.* 599, 194 *A.*2d 497 (App.Div.1963) and *Nieder v. Royal Indemnity Insurance Company,* 62 *N.J.* 229, 300 *A.*2d 142 (1973). In *Fredericks,* a purchaser of property assumed a fire insurance policy issued to his predecessor in title. At closing, the purchaser requested both the seller and insurer's agent to provide him with a copy of the policy. However, the insurer failed to send him the full policy and as a result he allegedly was not aware of the twelve-month limitation period set forth therein. 80 *N.J.Super.* at 601, 194 *A.*2d 497.

Plaintiff subsequently sustained alleged fire damage to the property and filed a claim, which the insurer denied. *Id.* at 602, 194 *A*.2d 497. Plaintiff did not file suit until after expiration of the twelve-month period specified in the policy. *Id.* at 601–02, 194 *A*.2d 497. The trial court dismissed the complaint based on this limitations period. *Ibid.*

We reversed on the ground that the insurer's failure to provide plaintiff with a copy of the full policy, including the part containing the twelve-month limitations period, estopped the insurer from relying upon this provision to bar the plaintiff's suit. *Id.* at 602–05, 194 *A*.2d 497. In reaching this conclusion, we recognized, in an opinion by Judge Conford, that "the relative rights of the insured and the company . . . are determinable by . . . the policy, irrespective of the fact that one of the parties may be actually ignorant of the contents of the policy[.]" *Id.* at 603, 194 *A*.2d 497 (quoting *Union Fire Ins. Co. of Paris, France v. Stone,* 41 *Ga.App.* 49, 152 *S.E.* 146, 147 (1930)). However, we held that if the reason for the insured's ignorance of the part of a policy containing the twelve-month limitations period is the insurer's "unjustified action" in withholding the policy from him, the insured can invoke the doctrine of equitable estoppel to preclude the insurer from relying upon that provision. *Ibid.*

Although we held that an insured's ignorance of a time limit on filing suit can relieve the insured from complying with that limitation if the insured's ignorance resulted from the insurer's actions, we also indicated that an insurer can give its insured notice of such a time limitation by means other than the policy itself:

> We well realize that other facts possibly involved in this case may lead to an ultimate conclusion against the plaintiff. For example, it may eventuate that plaintiff's original attorney, when attempting to negotiate the loss claim with defendant's representatives, knew or should have known of the terms of the policy, and that such knowledge may be imputable to plaintiff.
>
> [*Id.* at 605, 194 *A*.2d 497.]

In *Nieder,* the Supreme Court adopted the approach we had taken in *Fredericks* to determining whether an insured should be

relieved of the policy's twelve-month limitation upon filing suit based on the insurer's failure to notify her of that provision. In *Nieder*, the insurer allegedly delivered the policy only to the first mortgagee and not to the insured herself. 62 *N.J.* at 232, 300 *A.2d* 142. Following a fire loss, the insured allegedly attempted to obtain a copy of the policy, but the insurer told her it was unavailable because "our records do not go back that far[.]" *Id.* at 232–33, 300 *A.2d* 142. As a result, plaintiff was unable to obtain the policy until after the twelve-month period for filing suit had expired. *Id.* at 233, 300 *A.2d* 142. In concluding that the insured could be relieved of compliance with this limitation period if she was ignorant of the policy provision due to the insurer's failure to provide her with a copy, the Court cited with approval *Fredericks'* holding that "the insured's ignorance of the [one-year limitation period of the policy], allegedly attributable to an unjustifiable withholding of information concerning the policy, precluded the insurer from asserting such a defense." *Id.* at 232, 300 *A.2d* 142.

However, the Court also stated, again citing *Fredericks*, that "[t]he rule may be otherwise if the insured should have known of the limitation period provided in the policy." *Ibid.* Consequently, the Court indicated that the issue to be determined on remand was whether plaintiff was aware or should have been aware of the twelve-month limitation period:

> The facts are conflicting concerning plaintiff's actual knowledge, or knowledge reasonably imputable to her, as to the state of her insurance, and her contention that in the circumstances she was justified in assuming that she had two years within which to institute suit for the fire loss.
>
> [*Id.* at 233–34, 300 *A.2d* 142.]

Thus, *Fredericks* and *Nieder* do not support plaintiffs' argument that if a trier of fact credited Agostinho Matos's allegation that the MPL95 endorsement was omitted from the copy of the policy sent to them, they necessarily would be relieved of the twelve-month limitation period set forth in that endorsement. Instead, *Fredericks* and *Nieder* indicate that an insured may be notified of this limitation period by means other than receipt of the relevant part of the policy.

Other jurisdictions have similarly found that sufficient notice of the limitation period of a policy may be afforded by means other than provision of a complete copy of the policy. *See Schoonover v. Am. Family Ins. Co.,* 214 *Ill.App.*3d 33, 157 *Ill.Dec.* 794, 572 *N.E.*2d 1258, 1264–65 (1991); *Heezen v. Hartland Cicero Mut. Ins. Co.,* 63 *Wis.*2d 449, 217 *N.W.*2d 272, 275 (1974).

In this case, it is undisputed that plaintiffs received the May 6, 2005 letter from Farmers Mutual's agent, Cervini, denying their claim for the alleged water damage to their patio, which expressly stated: "If you disagree with our determination, ... litigation must be instituted within 12 months of the date of this letter." Although this letter referred to an apparently inapplicable administrative regulation rather than to the Farmers Mutual policy, plaintiffs could easily have made further inquiry of Farmers Mutual if they had any doubt about the applicability of the twelve-month limitation period. Moreover, Farmers Mutual's July 1, 2005 letter to plaintiffs enclosing the appeals request form indicated that the source of the twelve-month time limitation for filing suit was the policy:

> We must point out that your request for appeal does not waive any of the terms, provisions or conditions under the policy, including but not limited to the time limit for filing suit in this matter.

Therefore, plaintiffs "knew or should have known" of the twelve-month time limitation for filing suit to contest the denial of their claim, *Fredericks, supra,* 80 *N.J.Super.* at 605, 194 *A.*2d 497, and for this reason were bound by that limitation period regardless of whether they received the endorsement in which it was set forth.

II

Plaintiffs' alternative argument that the running of the twelve-month limitation period was tolled by their counsel's July 8, 2005 letter, which stated that they were appealing the denial of their claim, is clearly without merit and does not warrant extended discussion. Neither *Peloso* nor the Farmers Mutual policy indicates that the filing of an internal appeal tolls the twelve-month period for filing a suit. Moreover, Farmers Mutual's July 1, 2005

letter to plaintiffs advising them of the availability of the internal appeal process specifically stated: "We must point out that your request for appeal does not waive any of the terms, provisions or conditions under the policy, *including but not limited to the time limit for filing suit in this matter.*" (Emphasis added.) Moreover, plaintiffs never perfected their internal appeal. Plaintiffs failed to submit either the Farmers Mutual "Request for Claim Appeal" form forwarded to them with the July 1, 2005 letter or the engineering report that the July 8, 2005 letter from plaintiffs' counsel indicated would be forwarded upon receipt. Therefore, plaintiffs had to have been aware that Farmers Mutual did not have the requisite supporting documentation to undertake the internal appeal process.

Affirmed.